[Cite as *Clark v. Miller*, 2019-Ohio-4906.]

STATE OF OHIO          )                 IN THE COURT OF APPEALS
                           )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

THOMAS CLARK

    Petitioner                      C.A. No.       19CA0021-M

    v.

SHERIFF TOM MILLER               ORIGINAL ACTION IN
MEDINA COUNTY JAIL              HABEAS CORPUS

    Respondent

Dated: December 2, 2019

---

PER CURIAM.

{¶1} Thomas Clark has petitioned this Court for a writ of habeas corpus to order his release from custody. According to his complaint, he is being held in custody, without bond, after this Court's reversal in an appeal following the denial of his motion to withdraw his guilty plea in his criminal case. Sheriff Miller has moved to dismiss, contending that Mr. Clark is not entitled to release based on this Court's decision. This Court must dismiss Mr. Clark's petition because he did not comply with the statutory requirements for filing a petition for writ of habeas corpus.

{¶2} R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action. The petitioner must file a petition that contains specific, required, information. If this Court concludes that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. On the other hand, if the petition fails to state a claim, or to meet the

statutory requirements, this Court should dismiss the petition. *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001).

{¶3} A petition for habeas corpus must be accompanied by copies of all relevant commitment papers. R.C. 2725.04(D); *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, at ¶ 4. This ordinarily requires a petitioner to attach copies of all sentencing entries from the trial court that resulted in the confinement. *See Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, at ¶ 6; *Hairston v. Seidner*, 88 Ohio St.3d 57, 58 (2000). A petitioner may proceed without the commitment papers if he alleges in his petition that the papers "could not be obtained without impairing the efficiency of the remedy." *See, e.g., Hughley v. Saunders*, 123 Ohio St.3d 90, 2009-Ohio-4089, ¶ 1.

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). Mr. Clark attached numerous documents to his petition. But he has not attached any documents showing the cause of his commitment and he did not allege that he could not obtain those documents. Accordingly, this Court concludes that Mr. Clark filed a defective petition.

{¶4} In addition, a petition for writ of habeas corpus must be properly verified. Upon review, this Court concludes that Mr. Clark's petition is not properly verified, as required by R.C. 2725.04. A petition filed without proper verification must be dismissed. *Chari*, 91 Ohio St.3d at 328. "Verification" means a "formal declaration made in the

presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Id.* at 327. To meet the verification requirement, Mr. Clark must have expressly sworn to the truth of the facts contained in the petition. *Id.* at 328.

{¶5} Following the request for relief, at the end of the petition, Mr. Clark signed just below the words "Respectfully submitted." Below his signature and address, the following words are typed and hand-written (the hand-written insertions are underlined):

> I declare under penalty of perjury that I am the petitioner and the information in this petition is true and correct. Sworn to and subscribed in my presence, this 27 day of February, 2019.

Just below this text appear the signature of the notary and a handwritten notation of the expiration date of the notary's commission. It appears, therefore, that the notary has declared that the information in the petition is true and correct. Mr. Clark, however, did not sign beneath this text to declare that he is the petitioner and that the information in the petition is true and correct.

{¶6} The mere act of notarization is insufficient. *Hughley* at ¶ 1. There must be a "statement in which [the petitioner] expressly swears to the truth of the allegations in his petition." *Id.* The formatting of Mr. Clark's petition, and his failure to sign following the statement in which he swears to the truth of the allegations, does not rise to the level of a "formal act or presence calculated to bring to bear upon the declarant's conscience the full meaning of what he does." *Chari* at 327, citing *Youngstown Steel Door Co. v. Kosydar*, 33 Ohio App.2d 277 (8th Dist.1973). Mr. Clark did not make a formal declaration by which he swore to the truth of the statements in the document. *See Watkins*

*v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 35. Because the petition is not verified, it is defective and must be dismissed.

{¶7} Mr. Clark failed to attach his commitment papers to his petition and failed to verify it. Because the petition is fatally defective, this Court cannot order Mr. Clark's release from custody, and the case is dismissed. Costs to Petitioner.

{¶8} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

 

 

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

THOMAS CLARK, Pro se, Petitioner.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Respondent.