[Cite as *Billman v. Meintel*, 2023-Ohio-922.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| DAVID BILLMAN, | : | Case No. 22CA10 |
| | : | |
| Petitioner-Appellant, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| MR. MEINTEL, WARDEN, | : | |
| | : | **RELEASED: 03/20/2023** |
| Respondent-Appellee. | : | |

<u>APPEARANCES:</u>

David Billman, Appellant, Pro Se.

David Yost, Ohio Attorney General, and William H. Lamb, Assistant Attorney General, Cincinnati, Ohio for Appellee.

Wilkin, J.

{¶1} This is an appeal from a Pickaway County Court of Common Pleas judgment entry that dismissed appellant, David Billman's ("Billman"), third petition seeking a writ of habeas corpus. The respondent filed a brief in response. After reviewing the parties' briefs, the record, and the applicable law, we find that the trial court did not err in dismissing Billman's habeas petition because he cannot prove under any set of facts that he is unlawfully restrained of his liberty. Therefore, we affirm the trial court's judgment dismissing his petition.

BACKGROUND

{¶2} To better understand our analysis of Billman's petition, we find that it is important to understand his history in the legal system beginning with his convictions for rape and gross sexual imposition ("GSI") in 2012 as recounted in

the Seventh District Court of Appeals, which reviewed those convictions on direct

appeal.  They found that

> [Billman] and his wife, Mary Billman were foster parents working with Monroe County Child and Family Services. According to testimony, the two live in Monroe County at 31143 Liberty Ridge Rd., Wingett Run, Ohio 45789 and have lived there since 1994. A total of seven children lived in the house under the care of the couple at all periods relevant to this matter. In 2006 [Billman] and his wife accepted responsibility for Child X and Child Y, who had been removed from the home of their biological father due to sexual abuse. According to [Billman's] wife, when the two children entered [Billman's] home, both had physical indications of sexual abuse. Both children lived in Appellant's home from February of 2005 until the present. [Billman] resided in the family home until 2011, when his wife asked him to leave. [Billman] moved out on October 28, 2011 after his wife confronted him with the accusations of Child X and Child Y, who told her that [he] had been sexually abusing Child Y the entire time she lived with him, and that he had just started abusing Child X.

*State v. Billman*, 7th Dist. Monroe Nos. 12MO3 and 12MO5, 2013-Ohio-5774, ¶ 2.

A jury found Billman guilty of two counts of GSI against Child X, as well as two

counts of rape and five counts of GSI against Child Y.  *Id.* at ¶ 6.

{¶3} On appeal to the Seventh District Court of Appeals, Billman, in part,

alleged that his convictions were against the manifest weight of the evidence

because the state did not prove venue, i.e., the state did not prove that the

offenses had occurred in Monroe County.  *Id.* at ¶ 11.  The court overruled

Billman's assignment of error finding that "[t]he facts and circumstances in this

case support the jury's conclusion that the crimes occurred in Monroe County

and venue is proper[,]" and otherwise affirmed his convictions.  *Id.* at ¶ 13, 49.

{¶4} Billman filed an unsuccessful delayed appeal in the Supreme Court of

Ohio in *State v. Billman*, 138 Ohio St.3d 1467, 2014-Ohio-1674, 6 N.E.3d 1203.

He also filed an unsuccessful federal petition for habeas corpus in *Billman v. Warden*, S.D. Ohio No. 2:14-CV-1910, 2016 WL 931262 (Mar. 11, 2016).

**{¶5}** Billman then filed a petition for writ of habeas corpus in the Pickaway County Court of Common Pleas, which this court dismissed. *Billman v. Smith*, 4th Dist. Pickaway No. 19CA18, 2020-Ohio-1358, ¶ 18, appeal not allowed, 159 Ohio St. 3d 1418, 2020-Ohio-3365, 147 N.E.3d 658, ¶ 18. On appeal, Billman in part argued that the state failed to prove venue resulting in his wrongful imprisonment. *Id.* at ¶10. Inter alia, we found that the trial court properly dismissed Billman's petition finding that his claims were not cognizable in a writ of habeas corpus. *Id.* at ¶ 22.

**{¶6}** On October 15, 2020, Billman filed a second petition in the Pickaway County Court of Common Pleas seeking a writ of habeas corpus to be released from prison again asserting, among other allegations, that the state failed to prove venue. *Billman v. Fredricks*, 4th Dist. Pickaway No. 19CA19, 2021-Ohio-2435, ¶ 3. The trial court dismissed appellant's petition for failure to state a claim. *Id.* We affirmed the trial court's dismissal entry finding among other reasons that venue is not cognizable in a habeas because it does not allege a jurisdictional defect. *Id.* at ¶ 12, citing *Starkey v. Shoop*, 4th Dist. Ross No. 20CA3705, 2021-Ohio-564, ¶ 12.

**{¶7}** On February 9, 2022, Billman filed a third petition seeking a writ of habeas corpus ordering his release from prison, which is at issue in this appeal. He maintained that the Monroe County Court of Common Pleas lacked jurisdiction to convict him of the 2012 sexual offenses. Billman alleged that "the

state introduced evidence which proves the location of the essential conduct elements of the crimes alleged in the indictment was in the state of Oregon, not in the state of Ohio." Therefore, Billman argued that "the trial court in Monroe County Ohio could(n)ot have jurisdiction for crimes that were proven to have taken place in Oregon, by the state's own witness." Accordingly, Billman alleged that the trial court lacked authority to sentence him.

{¶8} The respondent filed a Civ.R. 12(B)(6) motion to dismiss Billman's petition. Respondent alleged that Billman raised venue in his direct appeal, albeit unsuccessfully. Therefore, respondent argued res judicata barred the court's consideration of Billman's third petition for habeas relief.

{¶9} Respondent also maintained that Billman did not attach his commitment papers to his petition as required by R.C. 2725.04(D), which is also fatal to a habeas action.

{¶10} Therefore, the respondent moved the trial court to dismiss Billman's petition or alternatively for the court to grant respondent summary judgment.

{¶11} The trial court granted the respondent's motion to dismiss. The court found that Billman was not entitled to a writ of habeas corpus because he was using it as a substitute for an appeal or postconviction relief. The court stated that "[Billman] again alleges that venue was not proven at his original trial." The court also found that res judicata barred his petition. It is this judgment that Billman appeals.

ASSIGNMENTS OF ERROR

I.   PICKAWAY COUNTY COURT OF COMMON PLEAS, HEREINAFTER (P.C. COURT) IS IN ERROR FOR MAKING A RULING ON VENUE/INSUFFICIENT

EVIDENCE, WHEREAS THAT IS THE (O)PPOSITE OF THE ISSUES RAISED BY MR. BILLMAN.  MR. BILLMAN ARGUED IN HIS HABEAS PETITION THAT THE EVIDENCE (I)S SUFFICIENT TO PROVE WHERE THE ALLEGED CRIMES OCCURRED. MR. BILLMAN (P)ROVED THAT THE EVIDENCE FROM THE TRIAL TRANSCRIPTS (D)OES (S)UFFICIENTLY PROVE THE LOCATION OF THE ESSENTIAL CONDUCT ELEMENTS OF THE ALLEGED CRIMES. WHICH (I)S AN ATTACK ON THE (J)URISDICTION OF THE MONROE COUNTY, OHIO, COURT OF COMMON PLEAS, HEREAFTER (THE TRIAL COURT), BECAUSE THAT SUFFICIENTLY PROVEN LOCATION IS IN THE STATE OF OREGON

II.     P.C. COURT IS IN ERROR FOR IGNORING THE ISSUES RAISED BY MR. BILLMAN (OF MR BILLMAN ATTACKING THE TRIAL COURT'S JURISDCITION), AND FOR CLAIMING THAT MR. BILLMAN DID NOT RAISE AN ISSUE THAT IS COGNIZABLE IN A PETITION FOR HABEAS CORPUS RELIEF, WHEREAS MR. BILLMAN DID ATTACK THE JURISDCITION OF THE TRIAL COURTAND AN ATTACK ON THE COURT'S JURISDCITION IS COGNIZABLE IN A HABEAS CORPUS PETITION

III.    P.C. COURT IS IN ERROR FOR CLAIMING RES JUDICATA. WHEREAS, MR BILLMAN ATTACKED THE JURISCITION OF THE TRIAL COURT IN HIS PRESENT PETITION, JURISDCITION HAS NOT BEEN ADJUDICATED IN THE CASE AT BAR AND THE OHIO SUPREME COURT SAID THAT AN ATTACK ON OR A CHALLENGE OF A COURT'S SUBJECT MATTER JURISDCITION CANNOT BE WAIVED OR FOREFEITED.

LAW

A.  Standard of Review

**{¶12}** "Appellate courts conduct a de novo review of trial court decisions granting a Civ.R. 12(B)(6) motion to dismiss." *Alexander Loc. Sch. Dist. Bd. of Educ. v. Vill. of Albany*, 2017-Ohio-8704, 101 N.E.3d 21, ¶ 22 (4th Dist.), citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12.  "We therefore afford no deference to the trial court's decision, but instead, independently review the trial court's decision." *Id.*, citing *Struckman v. Bd. of Education of Teays Valley Loc. Sch. Dist.*, 4th Dist. Pickaway No. 16CA10, 2017-Ohio-1177, ¶ 18.

B.  Motion To Dismiss

{¶13} A habeas petition filed against "a government entity or employee" is a civil action.  *See McDougald v. Bowerman*, 161 Ohio St. 3d 268, 2020-Ohio-3942, 162 N.E.3d 762, ¶ 10.  Consequently, "[a] court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted[.]"  *Handcock v. Shoop*, 156 Ohio St. 3d 282, 2019-Ohio-718, 125 N.E.3d 872, ¶ 5, citing *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

{¶14} A Civ.R. 12(B)(6) motion to dismiss "tests the sufficiency of the complaint."  *Volbers-Klarich v. Middletown Mgt., Inc.,* 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11.  "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."  *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), syllabus; *State ex. rel. Yost v. Rover Pipeline, L.L.C.*, 167 Ohio St.3d 223, 2022-Ohio-766, 191 N.E.3d 421, ¶ 18.  In its analysis, a court must "presume the truth of all material factual allegations in the complaint, and make all reasonable inferences in [non-movant's] favor."  *Williams v. MJS Enterprises, Ltd.*, 4th Dist. Washington No. 22CA8, 2022-Ohio-3695, ¶ 20, citing *Rover Pipeline, L.L.C.* at ¶ 6.

{¶15} Typically, "courts cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion."  *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997), citing *State ex rel.*

*Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). However, " '[d]ocuments attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6).' " *State ex rel. Washington v. D'Apolito*, 156 Ohio St. 3d 77, 2018-Ohio-5135, 123 N.E.3d 947, ¶ 10, quoting *NCS Healthcare, Inc. v. Candlewood Partners, L.L.C.*, 160 Ohio App.3d 421, 2005-Ohio-1669, 827 N.E.2d 797, ¶ 20 (8th Dist.). *See also*, *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus ("The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment."). "A court is not required to accept allegations in a complaint as true when they are contradicted by documents attached to the complaint." *D'Apolito* at ¶ 10, citing *State ex rel. Edwards v. Toledo City Sch. Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109, 1995-Ohio-251, 647 N.E.2d 799.

### C. Habeas Corpus

**{¶16}** A petition for habeas corpus must be accompanied by copies of relevant commitment papers. R.C. 2725.04(D); *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, 880 N.E.2d 919, ¶ 4. If a petitioner fails to attach copies of these documents, then their petition is "fatally defective[.]" *Clark v. Sheriff Tom Miller Medina Cnty. Jail*, 9th Dist. Medina No. 19CA21-M, 2019-Ohio-4906, 870 N.E.2d 1191, ¶ 3, citing *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

**{¶17}** "In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release." *Chari v. Vore*, 91 Ohio St. 3d 323, 325, 2001-Ohio-49, 744 N.E.2d 763, citing *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965). "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *McKinney v. Haviland*, 162 Ohio St.3d 150, 2020-Ohio-4785, 164 N.E.2d 415, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Like other extraordinary-writ actions, "habeas corpus is not available when the petitioner has or had an adequate remedy in the ordinary course of the law, unless the trial court's judgment is void for lack of jurisdiction." *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8, *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8-9. Consequently, "[w]hen a court's judgment is void because the court lacked subject-matter jurisdiction, habeas corpus is generally an appropriate remedy despite the availability of appeal." *Davis v. Wolfe*, 92 Ohio St. 3d 549, 552, 2001-Ohio-1281, 751 N.E.2d 1051.

### D. Venue vs. Subject-Matter Jurisdiction

**{¶18}** " '[J]urisdiction and venue are not the same, as the former denotes the power of the court to hear the case and the latter denotes the situs of trial.' " *Armengau*, 2017-Ohio-4452, 93 N.E.3d 284, ¶ 106 (10th Dist.), quoting *State v. Giffin*, 62 Ohio App.3d 396, 403, 575 N.E.2d 887 (10th Dist.1991), citing *State v. Loucks*, 28 Ohio App.2d 77, 274 N.E.2d 773 (4th Dist.1971).

### 1. Subject-Matter Jurisdiction

**{¶19}** "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 160 Ohio St. 3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, 34. "[C]ourts of common pleas * * * are created by the Ohio Constitution and have statewide subject-matter jurisdiction" pursuant to Sections 4(A) and (B), Article IV, Ohio Constitution. *Cheap Escape Co. v. Haddox, LLC*, 120 Ohio St. 3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 7. Pursuant to R.C. 2901.11(A)(1), "[t]he State of Ohio has subject-matter jurisdiction over a crime if any element of the offense, under the laws of this state, takes place in Ohio." *State v. Cayavec*, 7th Dist. Mahoning No. 19 MA 0069, 2020-Ohio-3610, ¶ 28.

**{¶20}** "[Subject-matter jurisdiction] is a 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' " *Hurley* at ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1984). "When subject-matter is lacking it can be raised at any time, it is not barred by the doctrine of res judicata, and it renders a judgment void as opposed to voidable." *State v. Mitchell*, 2021-Ohio-4386, 181 N.E.3d 550, ¶ 11 (4th Dist.), citing *State v. Helms*, 7th Dist. Mahoning No. 14MA96, 2015-Ohio-1708, ¶ 15; *State v. Lomax,* 96 Ohio St.3d 318, 2002-Ohio-4453, 774 N.E.2d 249, ¶ 17; *State v. Wilson*, 73 Ohio St.3d 40, 45, 652 N.E.2d 196 (1995), fn. 6. *See also State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs six and nine of the syllabus.

## 2.  Venue

{¶21} If a court has subject-matter jurisdiction over a criminal case, venue must also be determined, i.e., where precisely in Ohio should the case be entertained.  The Ohio Constitution provides that venue " 'is the proper place [within Ohio] to try a criminal matter[.]' " *State v. Hampton*, 134 Ohio St. 3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 19, quoting *State v. Headley,* 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983).  Specifically, "[v]enue is established under Article I, Section 10 of the Ohio Constitution, which requires criminal trials to be held in the '*county* in which the offense is alleged to have been committed.' " (Emphasis added.) *State v. Moore*, __ Ohio St.3d __, 2022-Ohio-1460, __ N.E.3d__, ¶ 11, quoting Article I, Section 10 of the Ohio Constitution.

{¶22}  " 'Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant.' " *State v. Billman*, 7th Dist. Monroe Nos. 12MO3 and 12MO5, 2013-Ohio-5774, ¶ 11, quoting *Headley,* 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983).  "Irregularities in venue, when a court has jurisdiction over the subject matter, generally make the judgment merely voidable rather than void." *State v. Barnes*, 7 Ohio App. 3d 83, 85, 454 N.E.2d 572 (3d Dist.1982).  "[I]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal." *State v. Henderson*, 161 Ohio St. 3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 19 citing *State v. Perry*, 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

ANALYSIS

**{¶23}** Before we address Billman's assignments of error, we address the state's claim that the trial court's judgment of dismissal can be affirmed solely because Billman did not attach his commitment papers to his habeas petition. The respondent is correct that "[a] petitioner's failure to attach all pertinent commitment papers renders the petition fatally defective[,]" which warrants the petition's dismissal. *Nedea v. Cook*, 4th Dist. Hocking No. 15CA12, 2015-Ohio-3668, ¶ 9, citing *Tucker v. McAninch,* 82 Ohio St.3d 423, 1998-Ohio-220, 696 N.E.2d 595. However, the record appears to show that Billman attached his 2012 sentencing entry to his petition herein. Therefore, we find that the state's argument lacks merit.

ASSIGNMENTS OF ERROR II and III

**{¶24}** Billman's second and third assignments of error both address the trial court's dismissal of his petition on procedural grounds. Therefore, we will address them together, and prior to addressing his first assignment of error.

**{¶25}** In his second assignment of error, Billman alleges that the trial court erred in concluding that his petition failed to set forth a cognizable habeas claim. In his third assignment of error, Billman contends that the trial court erred in holding that its consideration of his petition was barred by res judicata. Billman argues that unlike his prior two habeas petitions, in which he claimed that the state failed to prove venue, his petition herein attacked the subject-matter jurisdiction of the Monroe County Court of Common Pleas regarding his 2012 convictions for rape and GSI. This, he argues, means that his petition is at least

cognizable as a habeas action because it attacks the trial court's jurisdiction, and, therefore, is also not precluded from consideration by res judicata.

{¶26} Contrary to the trial court's determination that Billman's petition herein challenged venue, a review of that pleading reveals that he challenged the subject-matter jurisdiction of the Monroe County Court of Common Pleas by arguing that the events that resulted in his convictions occurred in Oregon, not Ohio, which, if true, would render his 2012 convictions void. *Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. Therefore, we find that the trial court erred in determining that his petition was precluded by res judicata. *Mitchell*, 2021-Ohio-4386, 181 N.E.3d 550, ¶ 11 (4th Dist.) Consequently, we sustain Billman's second and third assignments of error to the extent that res judicata does not prevent consideration of a challenge to a court's subject-matter jurisdiction, i.e., he has set out a cognizable habeas claim.

{¶27} However, it is important to note that finding that Billman has set out a cognizable habeas action merely means his petition for a writ of habeas corpus is a proper method to challenge subject-matter jurisdiction; it does not mean the petition has merit. *See* generally *F.D.I.C. v. Meyer*, 510 U.S. 471, 476, 114 S. Ct. 996, 1001, 127 L. Ed. 2d 308 (1994), quoting Black's Law Dictionary 259 (6th ed. 1990) ("Cognizable ordinarily means '[*c*]*apable* of being tried or examined before a designated tribunal[.]' " (Emphasis added.) To determine whether Billman has set forth a successful petition, we must address his first assignment of error.

ASSIGNMENT OF ERROR I

**{¶28}** In his first assignment of error, Billman maintains that an Ohio court of common pleas lacked jurisdiction to try and convict him of the 2012 rape and GSI charges.  He claims that "jurisdiction [for these charges] belongs to the state of Oregon, not in the state of Ohio."  Therefore, he asserts, his underlying rape and GSI convictions are void because they occurred in Oregon, but were tried in Ohio, which, if true, would support a writ of habeas corpus.  *Wolfe*, 92 Ohio St. 3d 549, 552, 2001-Ohio-1281, 751 N.E.2d 1051.

**{¶29}** Initially we recognize that Billman relies on transcripts of the testimony from his criminal trial to support his petition.  Typically, in deciding a Civ.R. 12(B)(6) motion to dismiss, a court cannot consider materials beyond the complaint, or in this case Billman's petition.  *Alexander,* 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).  However, in his habeas petition Billman incorporated by reference testimony from his criminal trial transcripts to support his argument that the trial court lacked subject-matter jurisdiction.  Therefore, in our de novo review of the trial court's judgment of dismissal, our consideration of the trial transcripts is permissible.  *D'Apolito*, 2018-Ohio-5135, 156 Ohio St. 3d 77, 80, 123 N.E.3d 947.  *See also*, *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus.

**{¶30}** During Billman's 2012 criminal trial, both Child X and Y occasionally offered testimony that they were sexually abused by their biological father, who lived in Oregon.  However, the state of Ohio brought GSI and rape charges against Billman in 2012, for acts that he committed against Child X and Y that

occurred in 2011, which was six years after the children moved from Oregon to Monroe County, Ohio, to live with Billman and his wife. Both children offered testimony at Billman's trial that specifically identified Billman as the perpetrator of GSI and rape against them, including testimony from Child Y acknowledging Billman put his penis in her mouth. In other words, the state charged Billman with, and he was convicted of, committing GSI and rape in *Ohio*. Therefore, we find that Billman has failed his burden as a habeas petitioner to prove that the Monroe County Court of Common Pleas of Ohio lacked subject-matter jurisdiction over him regarding his 2012 GSI and rape convictions as required by *Vore*, 91 Ohio St. 3d 323, 325, 2001-Ohio-49, 744 N.E.2d 76.

CONCLUSION

**{¶31}** Pursuant to our de novo review, we sustain Billman's second and third assignments of error because the trial court erred in finding that it was procedurally barred by res judicata from considering Billman's petition since it raised subject-matter jurisdiction. However, we overrule Billman's first assignment of error because he can show no set of facts that he is "being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *Haviland*, 162 Ohio St.3d 150, 2020-Ohio-4785, 164 N.E.2d 415, ¶ 6. Rather, Billman is currently serving a valid prison sentence from his 2012 convictions for GSI and rape in the Monroe County Court of Common Pleas, which had subject matter jurisdiction to try, and did, convict him of these offenses.

**{¶32}** Therefore, we ultimately find that the trial court did not err in granting the state's Civ.R. 12(B)(6) motion to dismiss Billman's petition for failure to state a claim upon which relief can be granted.  Accordingly, we affirm the trial court's judgment granting the respondent's motion dismissing Billman's petition for a writ of habeas corpus.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

P.J., Smith and J., Abele:  Concur in Judgment and Opinion.

For the Court,


BY:    _____
Kristy S. Wilkin, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**