OPINION
{¶ 1} On April 22, 1999, appellee, Carla Adkins, rented a flatbed trailer and a bobcat from appellee, Wiford Rental Sales, Inc. While pulling the trailer and the bobcat, appellee Adkins lost control of her vehicle and struck a tractor-trailer owned by Englefield, Inc., causing the tractor-trailer to spill six thousand gallons of fuel which contaminated a stream and a farm field. At the time of the accident, appellee Adkins was insured under a policy issued by Progressive Insurance Company, appellee Wiford was insured under a policy issued by appellee Hartford Insurance Company, and Englefield was insured under a policy issued by appellant, National Union Fire Insurance Company of Pittsburgh, Pa. Appellant paid more than $300,000 for environmental damage and physical damage to the tractor-trailer. Progressive paid its policy limits of $25,000. Hartford did not acknowledge or deny coverage.
 {¶ 2} On February 23, 2005, appellant filed a timely re-filing of a complaint against appellees, seeking subrogation. The complaint was filed in the Court of *Page 3 
Common Pleas of Cuyahoga County, Ohio. On September 1, 2005, the case was transferred to the Court of Common Pleas of Knox County, Ohio.
 {¶ 3} On October 17, 2005, appellee Wiford filed a motion to dismiss for insufficient service of process. By decision and entry filed December 28, 2005, the trial court granted the motion and dismissed appellant's claims against appellee Wiford, without prejudice.
 {¶ 4} On December 23, 2005, appellee Adkins filed a motion to dismiss for improper venue and failure to state a claim. On May 4, 2006, appellee Hartford also filed a motion to dismiss. On June 20, 2006, appellant voluntarily dismissed appellee Hartford, without prejudice. By order filed July 21, 2006, the trial court dismissed appellant's claims against appellee Hartford, with prejudice. By order filed July 27, 2006, the trial court granted appellee Adkins's motion to dismiss the claims against her, with prejudice.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE ADKINS' MOTION TO DISMISS BECAUSE THE COMPLAINT CLEARLY STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED."
 II {¶ 7} "THE TRIAL COURT ERRED IN DISMISSING HARTFORD INSURANCE COMPANY WITH PREJUDICE A MONTH AFTER HARTFORD HAD ALREADY BEEN *Page 4 
VOLUNTARILY DISMISSED WITHOUT PREJUDICE PURSUANT TO CIVIL RULE 41(A)(1)(A)."
 III {¶ 8} "THE TRIAL COURT ERRED IN DISMISSING WIFORD FOR INSUFFICIENCY OF PROCESS WHERE THE COURT'S DOCKET REFLECTS GOOD SERVICE ON WIFORD BEFORE THE DISMISSAL, WHERE NATIONAL UNION SHOWED GOOD CAUSE FOR NOT SERVING WIFORD WITHIN SIX MONTHS, AND WHERE NATIONAL UNION HAD A RIGHT TO ONE YEAR TO COMPLETE SERVICE."
 I {¶ 9} Appellant claims the trial court erred in granting appellee Adkins's motion to dismiss based upon Civ.R. 12(B)(3) and (6). We agree, as we find the dismissal to be premature.
 {¶ 1O} Civ.R. 12(B)(3) deals with improper venue and (B)(6) involves failure to state a claim upon which relief can be granted. Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greely v.Miami Valley Maintenance Contrs. Inc. (1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. 65 Ohio St.3d 545,1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd. v. Faber (1991),57 Ohio St.3d 56. *Page 5 
 {¶ 11} The accident giving rise to this case occurred on April 22, 1999. On March 24, 2000, appellee Adkins filed for bankruptcy. She was discharged from bankruptcy on July 11, 2000 under a no asset Chapter 7 case. The complaint sub judice was filed on February 23, 2005. Appellant argues the complaint stated a viable cause of action against appellee Adkins. The gravamen of this assignment is whether appellee Adkins's personal discharge of her debt in bankruptcy also operated to discharge appellee Hartford of its responsibility to pay under its policy. The complaint alleged appellee Adkins was an "insured" under the Hartford policy as follows, in pertinent part:
 {¶ 12} "2.Carla Adkins ('Adkins') is named herein as a nominal defendant only, as an insured of Defendant Hartford Insurance Company, in that her personal liability for the matters stated in this complaint have been discharged in bankruptcy, and from whom no monetary damages are sought personally by Plaintiff. On April 22, 1999 Carla Adkins leased a flatbed trailer and Bobcat earth-moving machine from Defendant Wiford Rental Sales, Inc. Wiford participated in loading the Bobcat onto the trailer and in fastening the trailer to Carla Adkins' vehicle, a 1986 Dodge Ram Pickup truck.
 {¶ 13} "3. Carla Adkins departed the Wiford premises with the loaded trailer in tow and proceeded in a westbound direction on State Route 36 in Clinton Township, Knox County, Ohio.
 {¶ 14} "4. At a curving section of roadway, Carla Adkins lost control of her vehicle and the vehicle crossed the center line of the highway.
 {¶ 15} "6. Carla Adkins struck the tanker truck head-on, causing the tanker truck to flip onto its side, rupturing the tank and resulting in the escape of approximately 6,000 *Page 6 
gallons of gasoline from the tank. Further, the truck was extensively damaged in the collision.
 {¶ 16} "12. Defendant Hartford issued a policy of business liability insurance to Wiford Rental Sales, Inc. which was in effect at the time of the aforementioned collision. * * *
 {¶ 17} "14. At the time of the collision, Carla Adkins was driving a trailer owned by Wiford, which trailer met the definition of a `covered auto' under the Hartford policy.
 {¶ 18} "15. At the time of the collision, Carla Adkins was using the trailer with the `permission' of Wiford and therefore qualifies as an `insured' under the terms of Hartford's policy."
 {¶ 19} Additionally, Counts 3 and 4 claimed appellee Adkins was negligent in failing to control and was negligent per se, citing R.C.4511.202, 4511.25, 4511.33(A), 4511.38, 4513.02 and 4513.31.
 {¶ 20} As appellant concedes, appellee Adkins's primary automobile insurance carrier, Progressive, has paid and exhausted the coverage under its policy. See, Appellant's February 13, 2006 Response to Defendant Carla Adkins' Motion to Dismiss. Appellant argues although appellee Adkins's debt is discharged, appellee Hartford, the carrier for appellee Wiford, was one of her insurers and its liability has not been discharged. In support, appellant cites this court to Fisher v.Lewis (1988), 57 Ohio App.3d 116, Wolfe v. Wright (1989), 65 Ohio App.3d. 36, and In re Jet Florida Systems, Inc. (C.A.11, 1989),883 F.2d 970.
 {¶ 21} In response, appellee Adkins argues the trial court was correct, and appellant's cited cases are factually distinct from the case sub judice. Appellee Adkins *Page 7 
out there is no judgment against her, there is no prior determination of negligence, and there is no pending litigation. Also, relief from the bankruptcy injunction has not been granted. In support, appellee Adkins cites In re White Motor Credit (C.A.6, 1985), 761 F.2d 270, as controlling precedent in Ohio.
 {¶ 22} As to the factual differences pointed out by appellee Adkins, we find under a Civ.R. 12(B)(3) and (6) standard, they are not to be considered as they are outside the four corners of the complaint. Also, under a Civ.R. 12(B)(3) and (6) standard, we will presume that appellee Adkins is an insured under the policy issued by appellee Hartford.
 {¶ 23} We note appellee Adkins did not file an answer because of the pending motion to dismiss, and the trial court did not convert the motion to dismiss into a motion for summary judgment to entertain facts outside the four corners of the complaint. Therefore, although an interesting and thought-provoking question is posed by this assignment, we find the four corners of the complaint do not permit us to consider any additional facts. A reference to appellee Adkins's discharge in bankruptcy was not made in the complaint other than the allusion to her being a "nominal defendant." A reference to the Progressive payment of its policy limits or any prior determination on negligence also was not made in the complaint.
 {¶ 24} Upon review, we conclude the granting of the motion to dismiss under a Civ.R. 12(B) standard was premature.
 {¶ 25} Assignment of Error I is granted.
 II *Page 8 {¶ 26} Appellant claims the trial court erred in dismissing appellee Hartford with prejudice. We agree.
 {¶ 27} Appellee Hartford concurs in this assignment. Appellant's June 20, 2006 voluntary notice of dismissal of appellee Hartford was without prejudice:
 {¶ 28} "Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. hereby gives notice to the Court and counsel, pursuant to Civil Rule 41(A)(1)(a) that it dismisses Defendant Hartford Insurance Company only,without prejudice. All other claims remain."
 {¶ 29} Appellee Hartford was not a named defendant in the original filing.
 {¶ 30} Upon review, we find the trial court erred in dismissing appellant's claims against appellee Hartford, with prejudice.
 {¶ 31} Assignment of Error II is granted.
 III {¶ 32} Appellant claims the trial court erred in dismissing appellee Wiford for insufficiency of service of process. We disagree.
 {¶ 33} In its August 25, 2006 notice of appeal, appellant stated the appeal pertains to the trial court's July 21 and 27, 2006 orders, and attached the orders thereto. The July 21, 2006 order dismissed appellant's claims against appellee Hartford, with prejudice, and the July 27, 2006 order dismissed appellant's claims against appellee Adkins, with prejudice. In its September 1, 2006 docketing statement, appellant stated the probable issues for review were: "Whether dismissal of Defendant Adkins and Defendant Hartford Insurance was error where Defendant Adkins was insured by Hartford Insurance for the claims stated in the Complaint." *Page 9 
 {¶ 34} The docketing statement did not reference appellee Wiford, and the trial court's decision and entry dismissing appellee Wiford was filed on December 28, 2005.
 {¶ 35} App.R. 3(A) and (D) state the following:
 {¶ 36} "(A) Filing the notice of appeal
 {¶ 37} "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. Appeals by leave of court shall be taken in the manner prescribed by Rule 5.
 {¶ 38} "(D) Content of the notice of appeal
 {¶ 39} "The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal."
 {¶ 40} App.R. 4(A) states:
 {¶ 41} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 42} Upon review, we conclude no appeal has been taken as to the dismissal of appellant's claims against appellee Wiford. *Page 10 
 {¶ 43} Assignment of Error III is denied.
 {¶ 44} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY *Page 11 
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellant. *Page 1