O'Connor, C.J.
*78 {¶ 1} Appellant, Wayman E. Washington, appeals the judgment of the Seventh District Court of Appeals dismissing his complaint for a writ of mandamus against Mahoning County Common Pleas Court Judge Lou A. D'Apolito. For the reasons set forth below, we reverse the judgment of the court of appeals and remand the matter for further proceedings.
Background
{¶ 2} On August 17, 2007, Washington was named as a defendant in a foreclosure suit filed in Mahoning County Common Pleas Court. Deutsche Bank Natl. Trust Co. v. Washington , Mahoning C.P. No. 2007 CV 03029. The case was assigned to Judge Timothy E. Franken and resulted in a default judgment and decree of foreclosure against Washington.
{¶ 3} On December 13, 2017, Washington filed a complaint for a writ of mandamus in the Seventh District Court of Appeals, seeking to vacate the foreclosure judgment. Washington alleged that the trial court had lacked jurisdiction to issue the judgment because he had not been served with a copy of the complaint and had never appeared in the case. The complaint named Mahoning County Common Pleas Court Judge R. Scott Krichbaum as the respondent, alleging that he had presided over case No. 2007 CV 03029 and had signed the foreclosure order.
{¶ 4} On January 4, 2018, Judge Krichbaum filed an answer denying all allegations in the complaint combined with a motion to dismiss. As affirmative defenses, Judge Krichbaum argued that even assuming Washington's allegations regarding service of process were true, Washington did not plead facts that constitute an action against Judge Krichbaum because Washington's foreclosure case had been assigned to a different judge and not to him. Judge Krichbaum further asserted that Washington had no right to the extraordinary relief prayed for and also had an adequate remedy by way of direct appeal in the foreclosure case. Consequently, Judge Krichbaum stated, Washington was not entitled to a writ of mandamus.
*950 {¶ 5} On February 5, 2018, Washington filed an amended complaint, changing the respondent from Judge Krichbaum to Judge Lou A. D'Apolito.[1] Though the *79 court of appeals had granted Judge D'Apolito 28 days to file an answer, on February 12, the court dismissed the complaint before an answer was filed, holding that Washington had had an adequate remedy at law by way of a direct appeal from the order of foreclosure and was therefore not entitled to relief in mandamus. State ex rel. Washington v. Krichbaum , 7th Dist. Mahoning No. 17 MA 0176, 2018-Ohio-626, 2018 WL 919982, ¶ 6. A day after the court issued this decision, Judge Krichbaum filed a motion to strike the amended complaint on the grounds that Washington had failed to seek leave of court and that amendment would be futile anyway. The motion was never addressed.
{¶ 6} Washington appealed.
Legal analysis
{¶ 7} We review a dismissal of a petition for a writ of mandamus under Civ.R. 12(B)(6) de novo. State ex rel. McKinney v. Schmenk , 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. In conducting our review, we must presume the truth of all factual allegations in the complaint, draw all reasonable inferences in the nonmoving party's favor, and affirm a lower court's judgment " 'only when there is no set of facts under which the nonmoving party could recover.' " Id. , quoting State ex rel. Ohio Civ. Serv. Emps. Assn. v. State , 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12. We have recognized that "a claim that a relator possesses an adequate legal remedy precluding a writ of mandamus seeks an adjudication on the merits" and that "a Civ.R. 12(B)(6) dismissal based upon the merits is unusual and should be granted with caution." State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. , 72 Ohio St.3d 106, 108-109, 647 N.E.2d 799 (1995).
{¶ 8} The court of appeals dismissed the writ action because it determined that Washington had had an available remedy through a direct appeal from the foreclosure order, which he did not exercise. But the availability of a direct appeal is not an adequate remedy when there was a jurisdictional defect. "Mandamus will lie where it is apparent from the record that the inferior court had no jurisdiction, and the writ will lie even though the party aggrieved may also be entitled to appeal." State ex rel. Ballard v. O'Donnell , 50 Ohio St.3d 182, 184, 553 N.E.2d 650 (1990).
{¶ 9} Washington alleged in his amended complaint filed in the court of appeals that he was never served a copy of the 2007 complaint in the foreclosure case and never made an appearance. If that is true, the trial court lacked jurisdiction to enter a default judgment of foreclosure and the availability of a direct appeal is not an adequate remedy that would preclude mandamus relief here. Thus, we must determine whether the court of appeals properly concluded at the motion-to-dismiss stage that Washington could not prove his allegations regarding lack of service.
*80 {¶ 10} "Documents attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6)." NCS Healthcare, Inc. v. Candlewood Partners, L.L.C. , 160 Ohio App.3d 421, 2005-Ohio-1669, 827 N.E.2d 797, ¶ 20 (8th Dist.). A court is not required to accept allegations in a complaint *951 as true when they are contradicted by documents attached to the complaint. See Edwards , 72 Ohio St.3d at 109, 647 N.E.2d 799. We note that the docket from the foreclosure case, attached by Washington as an exhibit to the amended complaint, contains an entry dated September 11, 2007, that reads "SUMMONS RETURNED & FILED SERVED" (capitalization sic) on Washington. That entry might indicate that proper service was achieved prior to the default judgment. The docket also indicates, however, that a number of other attempts to serve him by certified mail and personally were unsuccessful.
{¶ 11} Although docket entries have some evidentiary value, courts have recognized that their value is reduced when contradictory evidence is presented or averments to the contrary are made. See, e.g , Murdock v. Hyde , 12th Dist. Butler No. CA2007-11-289, 2008-Ohio-4313, 2008 WL 3893216, ¶ 4 ; Winters v. Doe , 8th Dist. Cuyahoga No. 74384, 1998 WL 598786, *2 (Sept. 10, 1998) ; Defini v. Broadview Hts. , 76 Ohio App.3d 209, 213, 601 N.E.2d 199 (8th Dist.1991). To accept the docket entry regarding service as conclusive evidence over Washington's allegations to the contrary requires us to weigh the facts, make an inference against Washington (who is the nonmoving party), and reject Washington's allegations as false. But we must refrain from doing so at the motion-to-dismiss stage. The dissenting opinion confuses the posture of this case with one of summary judgment by suggesting that this court can stand in the shoes of the fact-finder at the pleading stage.
{¶ 12} The dissenting opinion asserts that Washington's act of filing a motion to vacate the foreclosure judgment in September 2017 demonstrates that he has an adequate remedy at law. But as discussed above, relief in mandamus is available when the lower court lacked jurisdiction even though the aggrieved party may have been entitled to appeal. Ballard , 50 Ohio St.3d at 184, 553 N.E.2d 650. The cases cited in the dissenting opinion do not involve a relator alleging a jurisdictional defect for failure of service of a summons. See, e.g. , State ex rel. Walker v. Kilbane Koch , 98 Ohio St.3d 295, 2003-Ohio-856, 784 N.E.2d 96 (requesting a writ of procedendo to compel a trial-court judge to reenter a judgment entry in a case in which the relator had appeared as the plaintiff); State ex rel. Smith v. Fuerst , 89 Ohio St.3d 456, 732 N.E.2d 983 (2000) (requesting a writ of mandamus to compel a common-pleas-court clerk to re-serve a judgment entry denying postconviction relief; the mandamus case was decided at the summary-judgment stage and there was no issue regarding personal jurisdiction in the underlying case). Moreover, the docket's notation that Washington filed a motion to vacate about ten years after the default judgment in the foreclosure *81 case does not conclusively contradict Washington's allegation that he was not served with the 2007 foreclosure complaint.
{¶ 13} Given the ambiguity of the limited information we may consider at this stage and Washington's allegations to the contrary, we cannot conclude, with appropriate caution, that Washington could prove no set of facts entitling him to relief. That inquiry and analysis of the merits is beyond our role at this stage of the proceedings and is best conducted by the court of appeals on remand. Thus, we reverse the judgment of the court of appeals and remand this cause to that court for further proceedings.
{¶ 14} Judge Krichbaum argues in the alternative that he is not the proper respondent and that the dismissal should be affirmed on that basis. But Washington cured that defect by amending the complaint *952 to name Judge D'Apolito as the respondent. In his motion to strike, Judge Krichbaum argued that the amended complaint was ineffective because Washington failed to seek leave of court to file it. However, Washington was not required to seek leave of court.
{¶ 15} The Rules of Civil Procedure governing the amendment of pleadings apply to original mandamus actions in the courts of appeals. See R.C. 2731.09 ("pleadings [in a mandamus action] have the same effect, must be construed, [and] may be amended * * * in the same manner as in civil actions"); see also Civ.R. 1(A) and (C) ; State ex rel. Millington v. Weir , 60 Ohio App.2d 348, 350, 397 N.E.2d 770 (10th Dist.1978). Pursuant to the time periods for filing outlined in Civ.R. 15(A) and 6, Washington's amended complaint was timely filed. Judge Krichbaum's alternative argument for sustaining the dismissal is therefore without merit.
Judgment reversed and cause remanded.
French and DeGenaro, JJ., concur.
Fischer, J., concurs in judgment only.
Kennedy, J., dissents, with an opinion joined by O'Donnell and DeWine, JJ.

Judge D'Apolito defeated Judge Franken in the 2008 primary and won election to the bench that fall.