[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Long v. Hamilton Cty. Coroner*, Slip Opinion No. 2021-Ohio-3315.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3315

THE STATE EX REL. LONG, APPELLANT, *v.* HAMILTON COUNTY CORONER, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Long v. Hamilton Cty. Coroner*, Slip Opinion No. 2021-Ohio-3315.]**

*Mandamus—Writ of mandamus sought to compel a county coroner to produce a DNA record—A public office has no duty to produce a record that it does not possess—Court of appeals' dismissal of mandamus action affirmed.*

(No. 2021-0354—Submitted August 3, 2021—Decided September 23, 2021.)

APPEAL from the Court of Appeals for Hamilton County, No. C-210120.

_____

**Per Curiam.**

{¶ 1} In this direct appeal, appellant, John W. Long, seeks a writ of mandamus to compel appellee, the Hamilton County Coroner, to produce a DNA record. The First District Court of Appeals dismissed Long's complaint, determining that the coroner does not possess the requested record. We affirm.

## Background

{¶ 2} Long attached to his complaint several pieces of correspondence between himself and the coroner's office. The earliest is a letter from the coroner's office to Long dated February 26, 2019, which states, "Attached are the complete records that you have requested." On June 5, 2019, Long sent a letter to the coroner indicating that he had not received all the records he had requested and specifying several records he was seeking. A representative of the coroner's office responded on June 25, 2019, stating:

> I am in receipt of your recent request for case documentation pertaining to the aforementioned decedent. I have enclosed **all** Hamilton County Coroner and Crime Laboratory reports that are included in our case file. Additionally, I have included a Chain of Custody Report that details what was submitted to our office and its movements through analysis culminating in release to the appropriate agency. This should answer any questions you might have about what we received and what we did not.

(Boldface and underlining sic.)

{¶ 3} On February 10, 2020, Long sent another letter to the coroner asking for DNA records related to his case. In this letter, he referred to "DI # 03015672," which apparently relates to evidentiary item Nos. 4-1, 4-2, 4-3, 4-4, and 4-5 listed in the chain-of-custody report that the coroner provided to Long in June 2019. The representative of the coroner's office responded to Long on February 24, 2020, stating:

> I have previously sent (June 25, 2019) *the only two DNA related laboratory reports* within our system, but I have included them

again for your review. You specifically requested CODIS upload information on items number 4-1, 4-2, 4-3, 4-4 and 4-5. DNA analysis *was not* performed on these items. I have also included the only documentation of CODIS uploads/Match Memorandum contained in our case file—one dated October 3, 2003 and the other February 8, 2016.

(Underlining sic.)

{¶ 4} Long wrote to the coroner again on June 30, 2020, stating that he was "making a formal request for any and all forensic evidence that was uploaded into the CODIS database during the investigation and eventual prosecution of this case." The coroner's office responded on July 14, 2020, explaining that "[t]he only CODIS information is included on the previously provided but also attached crime laboratory report dated September 2, 2003. There is no other additional information or reports to provide."

{¶ 5} In January 2021, Long filed his complaint in the court of appeals seeking a writ of mandamus to compel the coroner "to release for inspection all 'DNA records' that have been created for and preserved in the CODIS database." Long alleges that the chain-of-custody report he received from the coroner indicates that a DNA record referred to as DI # 0315672 "was created" and "is still in existence." The coroner filed a motion to dismiss, arguing that Long had already been given all the DNA records the coroner has regarding this case. The court of appeals dismissed Long's complaint, stating that "[r]ecords not in the possession of the respondent cannot be produced."

{¶ 6} Long appeals to this court as of right.

## Analysis

{¶ 7} Dismissal of Long's complaint was appropriate if it appears beyond doubt, after presuming the truth of all material factual allegations in the complaint

and making all reasonable inferences in his favor, that Long is not entitled to relief. *State ex rel. Bates v. Court of Appeals for the Sixth Appellate Dist.*, 130 Ohio St.3d 326, 2011-Ohio-5456, 958 N.E.2d 162, ¶ 8. " 'Documents attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6).' " *State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135, 123 N.E.3d 947, ¶ 10 (lead opinion), quoting *NCS Healthcare, Inc. v. Candlewood Partners, L.L.C.*, 160 Ohio App.3d 421, 2005-Ohio-1669, 827 N.E.2d 797, ¶ 20 (8th Dist.).

{¶ 8} A public office has no duty to produce a record that it does not possess. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 28. Here, Long alleged that a specific DNA record "was created" and "is still in existence." But even if that is true, he did not allege that the coroner has custody of that record. And indeed, multiple attachments to the complaint show that the coroner does not have any additional records responsive to Long's requests. The allegations in Long's complaint do not contradict that conclusion. The court of appeals thus correctly dismissed Long's mandamus claim.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

John W. Long, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

_____