[Cite as *Pond v. E & E Towing & Recovery, L.L.C.*, 2024-Ohio-800.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David Pond et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 23AP-84<br>(C.P.C. No. 22CV-6428) |
| E and E Towing and Recovery, LLC, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on March 5, 2024

**On brief:** *David Pond*, and *Emma Pond*, pro se. **Argued:** *David Pond.*

**On brief:** *Ulmer & Berne LLP*, and *David A. Ferris* for appellee.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1} Plaintiffs-appellants, David Pond and Emma Pond, appeal from the decision of the Franklin County Court of Common Pleas granting the motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted filed by defendant-appellee, E and E Towing and Recovery, LLC ("E and E Towing"). For the following reasons, we reverse and remand, and overrule E and E Towing's motion to strike the Ponds' reply brief.

{¶ 2} David Pond and Emma Pond, his daughter, filed a two-count complaint for conversion and replevin against E and E Towing on September 15, 2022. The Ponds alleged that they were "the owners of personal property including, but not limited to the motor

vehicles identified on the attached Exhibit A" to the complaint. (Sept. 15, 2022 Compl. at ¶ 9.) Among the items listed in Exhibit A were eleven antique vehicles identified by manufacturer and year, including fire trucks, as well as trailers, a paving machine, an "RV" and a "3 wheeler ATV." The Ponds alleged that for "many years," this property had "been stored in or on the real property located at 8945 Dublin Road, Delaware, Ohio," which was owned by David Pond's parents or their trusts. *Id.* at ¶ 10. However, on or about May 20, 2022, "someone who professed to be the trustee" of the trust owning the elder Ponds' property allegedly contacted E and E Towing and contracted to have "the motor vehicles and other personal property" of David and Emma Pond towed. *Id.* at ¶ 15-16.

{¶ 3} According to the Ponds, E and E Towing did not receive an order from any law enforcement agency before towing their property, which they alleged violated R.C. 4513.60. *Id.* at ¶ 20-23. The Ponds also alleged that E and E Towing had demanded $75,000 from them to return their property, even though the legally allowable rate for the tow was under $5,000, and refused to return any of it. *Id.* at ¶ 28-30. E and E Towing still had possession of the Ponds' property at the time of the filing of the complaint, they claimed. *Id.* at ¶ 30. Furthermore, they alleged that the company's "owner or representative [had] taken possession of two of the motor vehicles of considerable value, a Ford Mustang and Model T," and was keeping them "at his personal residence." *Id.* at ¶ 32. These allegations formed the basis for stating one count of conversion and one count of replevin. *Id.* at ¶ 33-54. As relief, the Ponds sought "the immediate return of the personal property shown to be [their] property," compensatory and punitive damages, attorney fees and costs. *Id.* at 8.

{¶ 4} On the same day they filed the complaint, the Ponds pursued a prejudgment remedy of replevin by filing a motion for an order of possession of property under R.C. 2737.03, with a number of documents attached to the motion. David Pond's affidavit listed 18 motor vehicles and items of personal property, their approximate values, with four certificates of title and one bill of sale attached. (Sept. 15, 2022 Mot., Ex. A.) Exhibit B, Emma Pond's affidavit, which stated that she was "the owner of property * * * gifted or otherwise transferred" to her by her father, had eight certificates of title attached. (Sept. 15, 2022 Mot., Ex. B at 2.) Exhibit C was a prepared order of possession. Exhibits D and E were demand letters to E and E Towing written by the Ponds' former attorney.

{¶ 5} In response to the motion for order of possession, E and E Towing exercised its right under R.C. 2737.04 to request a hearing and dispute the Ponds' claim. On October 12, 2022, a hearing was held, but the record does not reflect that this hearing resulted in a ruling on the Ponds' motion. Instead, as the trial court noted in a later entry, it had ordered that "[t]he hearing on Plaintiffs' Motion for Order of Possession of Property [be] continued until January 12, 2023 * * *." (Oct. 18, 2022 Entry.) In addition, the trial court gave E and E Towing a deadline of October 19, 2022 "to file any motion to dismiss with respect to the pleadings" and ordered it to "stay imposition of storage charges" on the property until the January hearing. *Id.*

{¶ 6} E and E Towing filed a motion to dismiss the Ponds' complaint under Civ.R. 12(B)(6) on October 19, 2022. The company argued that the Ponds had failed to state a claim for conversion because their complaint did not "adequately allege ownership" of the property they sought to recover. (Oct. 19, 2022 Def.'s Mot. to Dismiss at 3.) E and E Towing pointed out that the Ponds had only "submitted" four titles of the vehicles identified in Exhibit A of the complaint, which listed a number of items that were "different from the items enumerated" in David Pond's affidavit attached to the motion for order of possession. *Id.* In addition, "some of the titles * * * [did] not relate to any items listed anywhere in the pleadings." *Id.* Thus, E and E Towing argued, the Ponds' complaint failed "to establish the true owner of the majority of the items" that were the subject of their conversion claim. *Id.* The company stated these "deficiencies" were "also fatal to their demands in replevin." *Id.* at 4. In addition, it argued that R.C. 4513.60 did "not apply" to the Ponds' claims because the personal property was alleged to have the permission of trustee Thomas Taneff to be there before its removal, and because several of the items were "not motor vehicles and, by definition, not covered" by the statute. *Id.* at 4-5.

{¶ 7} In response to the motion, the Ponds argued that their personal property was removed without permission because David Pond was actually the trustee of the trust holding the residential property. (Nov. 1, 2022 Pl.'s Combined Resp. at 1.) They also argued that "[t]he titles to the vehicles provided must be viewed most favorably" to them on a motion to dismiss, and any "discrepancy" resulted from the affidavits being drafted "purely by memory at the time and not double checked against the titles." *Id.* at 2. The Ponds also submitted a number of photos attached to their response alleged to have been provided by

E and E Towing "showing the removal of vehicles," which, according to the Ponds, amounted to the company admitting it took them. *Id.* at 3.

{¶ 8} The trial court granted the motion to dismiss on January 11, 2023, the day before the scheduled hearing on the Ponds' motion for order of possession. In the decision, the trial court stated that Exhibit A of the Ponds' complaint was "a list of 16 different vehicles and personal items with no real descriptions or directions connecting the items to the titles" submitted with the motion for order of possession, and "many titles and documents" attached to the motion did "not seem to be related to the items" in Exhibit A. (Jan. 11, 2023 Decision & Entry at 5.) Because of the differences between the list in Exhibit A and the documents attached to the motion, the trial court stated that it would be "impossible" for E and E Towing to "adequately respond" to the complaint or for the trial court "to determine whether Plaintiffs have actual ownership of the items listed in Exhibit A of the Complaint." *Id.* By failing to "adequately allege their ownership," the Ponds had "failed to allege a material element of their conversion claim," leading the trial court to dismiss it. *Id.* The trial court also dismissed the Ponds' replevin claim "for the same reason," reasoning as follows:

> [T]he Court finds that because Plaintiffs fail to identify and adequately allege ownership of the motor vehicles and other personal property in their Complaint, it is impossible for Defendant to adequately respond to Plaintiffs' Complaint and state whether the items listed in Exhibit A of the Complaint are in its possession, or for the Court to determine whether Plaintiffs have actual ownership of the items listed in Exhibit A of the Complaint. The Court further finds that because Plaintiffs have failed to identify and/or adequately allege their ownership in the items they claim Defendant has converted or has possession of, it is impossible for this Court to order an immediate right of possession to Plaintiffs with respect to such items. Therefore, the Court finds that Plaintiffs have also failed to state a claim for replevin upon which relief may be granted.

*Id.* at 6.

{¶ 9} The Ponds appealed and have asserted three assignments of error:

> [I.] The [trial court] erred as a matter of Law and Precedent when it dismissed this case without favorably viewing the numerous vehicle titles provided by the Plaintiffs as documentation of ownership of the vehicles taken by the Defendants.

[II.] The [trial] court erred and showed bias when it stated "it is impossible for the Defendant to adequately respond to plaintiffs' complaint and state whether the items listed in exhibit A are in its possession.["] The Defendant did not make this argument in its motion for dismissal, and it is plain error for the court to make this statement for the defense.

[III.] It was an error for the [trial] court to disregard the Plaintiffs' response to the motion to dismiss with the evidence contained in [the] response. The Plaintiffs['] response to the motion to dismiss was filed timely, and was not stricken from the record nor requested to be stricken from the record.

{¶ 10} As a preliminary matter, E and E Towing argues that the Ponds' appeal should be dismissed because their appellate brief fails to conform to a number of the briefing requirements of App.R. 16. (Appellee's Brief at 2.) E and E Towing points out that the "issues presented, as enumerated by Appellants, do not refer to any of the assignments of error, as required by App.R. 16(A)(4)," and that other sections required to be listed separately are "presented as one statement" in the brief. *Id.* at 2-3. "A court of appeals generally has the authority to dismiss an appeal for an appellant's failure to follow the Rules of Appellate Procedure." *Gomez v. Kiner*, 10th Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 7, citing App.R. 3(A). Nevertheless, because "this court prefers to resolve cases on their merits rather than upon procedural default," we decline to dismiss the Ponds' appeal for failing to exactly conform to the briefing requirements of App.R. 16(A). *Pack v. Hilock Auto Sales*, 10th Dist. No. 12AP-48, 2012-Ohio-4076, ¶ 14, citing *Williams v. Hill*, 10th Dist. No. 10AP-69, 2010-Ohio-4189, ¶ 5.

{¶ 11} E and E Towing also argues that the Ponds' appeal should be dismissed because they failed to obtain a transcript, as required by App.R. 11(C), of "the only hearing held before the trial court," the one held on October 12, 2022. (Appellee's Brief at 2.) Under App.R. 9(B), it is the appellant's duty to order a transcript of the proceedings in the trial court. Without a transcript, the appellate court "cannot review any of appellant's assignments of error that rely upon factual issues in dispute, and * * * must presume regularity of the proceedings under such circumstances." *Gomez* at ¶ 5. Here, however, the Ponds appeal from the trial court's dismissal of their claims under Civ.R. 12(B)(6), which "presents a question of law," not of fact. *DiNozzi v. Ohio State Dental Bd.*, 10th Dist. No. 08AP-609, 2009-Ohio-1376, ¶ 8. Because "we may only address arguments in appellant's

assignments of error that are based solely on questions of law" without a transcript, its omission is no impediment to our review of the first assignment of error, the only one necessary to resolve this appeal. *Gomez* at ¶ 5. Furthermore, E and E Towing concedes that the Ponds "do not expressly reference events at the October 12 Hearing" in their briefing. (Appellee's Brief at 2.) Nor did the trial court reference the hearing in the decision that the Ponds appeal from, only documents attached to their complaint and the motion for possession.

{¶ 12} In addition, dismissal under App.R. 11(C) based on an appellant's failure to transmit the record is prompted by "any appellee" who "may file a motion in the court of appeals to dismiss the appeal" with supporting documentation by the clerk of the trial court. E and E Towing did not file such a motion or comply with any of the procedural requirements of the rule. We decline to dismiss the Ponds' appeal for failure to file a transcript of the trial court's October 12, 2022 hearing.

{¶ 13} E and E Towing has also filed a motion to strike the Ponds reply brief, arguing that it "introduces, for the first time, two separate and distinct sets of brand new 'Assignments of Error.' " (Appellee's Mot. to Strike Appellants' Reply Brief at 2.) Although "[i]t is improper to use a reply brief to raise new issues or assignments of error," the Ponds have not raised new assignments of error. *Huffer v. Brown*, 10th Dist. No. 12AP-1086, 2013-Ohio-4384, ¶ 10. Rather, the brief contains a number of sections bearing the captions "First Assignment of Error Reply Argument," "Second Assignment of Error Reply Argument," and "Third Assignment of Error Reply Argument," none of which identify new error by the trial court. (May 15, 2023 Reply Brief at 4-8.) Identification of error in the record of the trial court is a required component of an assignment of error. App.R. 16(A)(3). Each of these sections addresses the arguments E and E Towing presented in their response. (*See*, *e.g.*, May 15, 2023 Reply Brief at 4 ("E and E argues that the trial court's decision to dismiss was based on [a] failure to plead the facts sufficient[ly] to identify [the] property at issue").) Accordingly, the motion to strike is overruled.

{¶ 14} We now turn to the Ponds' first assignment of error, the resolution of which moots the other assignments of error. The Ponds set forth a number of reasons why they believe that it was error for the trial court to dismiss their claims. They argue that the vehicle titles they provided "must be viewed most favorably" to them, which the trial court

failed to do, and they claim that there are "many more titles than just [the] four titles" they provided. (Appellants' Brief at 1.) The Ponds explain that "[t]here are many reasons why the affidavits do not match up exactly with the vehicle titles," such as some of them being non-titled or antique vehicles. *Id.* at 2. Furthermore, they argue that even if they could only prove ownership of one vehicle, that would be "a provable fact that would entitle [them] to the relief sought in the complaint." *Id.* at 3.

{¶ 15} E and E Towing responds by arguing that the trial court properly dismissed the Ponds' claims because they failed "to plead the facts sufficient[ly] to identify the property at issue" and failed to "allege ownership" of the vehicles, as claims for conversion and replevin require. (Appellee's Brief at 7.) Like the trial court, E and E Towing points to the discrepancies between the Ponds' affidavits, the vehicle titles, and Exhibit A attached to the complaint, the latter of which did not "include vehicle identification numbers or other means of affirmatively matching the entries to the titles." *Id.* at 8.

{¶ 16} Before responding to a complaint by answering, Civ.R. 12(B)(6) allows a party to file a motion to dismiss asserting that the complaint fails to state a claim upon which relief may be granted. A motion to dismiss under Civ.R. 12(B)(6) "is a procedural mechanism that tests the sufficiency of the allegations in the complaint." *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, ¶ 8, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). The court considering the motion " 'must examine the complaint to determine if the allegations provide for relief on any possible theory.' " *Id.*, quoting *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667 (1995). In addition, the court "must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiffs." *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, ¶ 11. "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it 'must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [her] to recovery.' " *Doe v. Greenville City Schools*, 171 Ohio St.3d 763, 2022-Ohio-4618, ¶ 8, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus, following *Conley v. Gibson*, 355 U.S. 41 (1957). An appellate court applies a de novo standard when reviewing a trial court's decision granting a motion to dismiss under Civ.R. 12(B)(6). *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶ 17} As a general rule, "courts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss." *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, ¶ 11, citing *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). Thus, when a party relies on such evidence or allegations, Civ.R. 12(B) provides for the following procedure:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

{¶ 18} "When a Civ.R. 12(B)(6) motion depends on extrinsic evidence, the 'proper procedure is for the court to convert the motion to dismiss into a motion for summary judgment and provide the opposing party with notice and an opportunity to respond.' " *State ex rel. Evans v. Mohr*, 155 Ohio St.3d 579, 2018-Ohio-5089, ¶ 5, quoting *Jefferson* at ¶ 12. Here, E and E Towing's arguments for dismissal relied upon documents that the Ponds had attached to their motion for possession under R.C. 2737.03. The company argued that the Ponds had failed "to adequately allege ownership of the motor vehicles and other personal property" in their conversion and replevin claims because the titles submitted in support of the motion for possession corresponded to "just four" of the vehicles listed in Exhibit A of the complaint. (Oct. 19, 2022 Def.'s Mot. to Dismiss at 3.) In addition, E and E Towing argued that the items of property described on Exhibit A were "different" from those described in the motion. *Id.*

{¶ 19} The trial court accepted these arguments as grounds for dismissing the complaint, highlighting perceived discrepancies between the list of vehicles attached to the complaint and the documents submitted in support of the Ponds' motion for possession of property. However, any such discrepancies between the pleading and the documents attached to the motion were not relevant to the question of the legal sufficiency of the claims in the complaint. *See Natl. Union Fire Ins. Co. v. Hartford Ins. Co.*, 5th Dist. No. 06CA32, 2007-Ohio-2615, ¶ 22 (holding that one party's assertion of "factual differences" between allegations in complaint and litigation history of other case as grounds for dismissing claim

were "not to be considered as they are outside the four corners of the complaint," therefore dismissal under Civ.R. 12(B)(6) was "premature"). The trial court erred by relying on these "matters outside the pleadings" without converting the motion into one for summary judgment and providing the Ponds with the notice required by Civ.R. 12(B).

{¶ 20} The Ponds' complaint did reference David Pond's affidavit and its attachment to "the Motion for Order of Possession of Property filed herein." (Sept. 15, 2022 Compl. at ¶ 36, 47.) Nevertheless, the reference did not give the trial court license to act as a factfinder under the guise of ruling on a Civ.R. 12(B)(6) motion. The Supreme Court of Ohio stated an exception to the rule that a court may only consider allegations in a complaint when it recognized that "Civ.R. 12(B)(6) dismissal is proper where the claim for * * * relief arises from a contract which is incorporated in and attached to the complaint, and the contract indicates that the relief requested is not warranted." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995) (citing as well federal standard of allowing consideration of material submitted with a complaint when ruling on a motion to dismiss under Fed.Civ.R. 12(b)(6)). This exception has evolved to recognize that "material incorporated into a complaint may be considered as part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Cartwright v. Ohio Adult Parole Bd.*, 10th Dist. No. 20AP-62, 2021-Ohio-923, ¶ 8, citing *Edwards*. In addition, the Ohio Supreme Court has also cited *Edwards* when holding that "[a] court is not required to accept allegations in a complaint as true when they are contradicted by documents attached to the complaint." *State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135, ¶ 10.

{¶ 21} Even if the documents submitted with the motion for possession are considered "incorporated" into the Ponds' complaint under this exception, they did not disprove the Ponds' allegations of ownership. In fact, the documents support the allegations. Mr. Pond's affidavit had a number of titles attached, all of which listed Emma Pond as owner. Three of the vehicle titles corresponded to vehicles listed on Exhibit A of the complaint: the 1947 Seagrave, the 1965 Ford Mustang, and the 1999 Pace Arrow (listed as "RV"). Two other titles, the 1937 American Motors fire truck and the 1943 Seagrave, varied by one year from those listed. One other title is for a 1927 Ford Tudor and Exhibit A describes one vehicle as a "1927 ford model T." The trial court must have overlooked these

correlations when it stated that there "appears to be many titles and documents that do not seem to be related to the items comprising the list in Exhibit A of Plaintiffs' Complaint, and that the list in Exhibit A of Plaintiffs' Complaint appears to be different than the list of items contained in Plaintiffs' Affidavit[s] in Replevin." (Jan. 11, 2023 Decision & Entry at 5.) The trial court also found it "impossible * * * to determine whether Plaintiffs have actual ownership of the items listed in Exhibit A of the Complaint," a determination more appropriate for overruling a motion for summary judgment than for dismissal under Civ.R. 12(B)(6). *Id.* Because "a plaintiff is not required to prove his or her case at the pleading stage," the Ponds were not required to establish actual ownership of any vehicle they claimed to own for their claims to survive dismissal under Civ.R. 12(B)(6). *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-45 (1991).

{¶ 22} Rather, the Ponds were only required to plead "a short and plain statement of the claim showing that" they were "entitled to relief" under Ohio's notice pleading standard. Civ.R. 8(A). Under this standard, the Ponds adequately stated a claim for conversion. "Conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner or the withholding of the property from the owner's possession under a claim inconsistent with the owner's rights." *Bunta v. Superior VacuPress, L.L.C.*, 171 Ohio St.3d 464, 2022-Ohio-4363, ¶ 20. To prevail on a claim for conversion, a plaintiff must show that "(1) the plaintiff had ownership or right of possession of the property at the time of conversion; (2) the defendant's conversion by a wrongful act or disposition of plaintiff's property or property rights; and (3) damages resulted therefrom." *RAE Assocs. V. Nexus Communications, Inc.*, 10th Dist. No. 14AP-482, 2015-Ohio-2166, ¶ 30, citing *Dice v. White Family Cos.*, 173 Ohio App.3d 472, 2007-Ohio-5755, ¶ 17 (2d Dist.).

{¶ 23} Here, the Ponds alleged that they were "the owners of the motor vehicles identified in the attached Exhibit A and other personal property Defendant removed from the Dublin Road Property which is described in the affidavit of David Pond filed in support of the Motion for Order of Possession of Property filed herein." (Sept. 15, 2022 Compl. at ¶ 36.) This allegation satisfies the requirement that a conversion claim allege that "the plaintiff had ownership or right of possession of the property at the time of conversion," and the allegation that E and E Towing removed the property satisfies the requirement to

plead "a wrongful act or disposition of plaintiff's property or property rights" by the defendant. *RAE Assocs.* At ¶ 30. The Ponds alleged damages by stating that E and E Towing's actions "required [them] to engage the services of counsel to obtain the return of their property" and resulted in "damage or loss of value of the property shown to occur or have occurred as the result of Defendant's acts or omissions." (Sept. 15, 2022 Compl. at ¶ 42.) With these allegations, the Ponds adequately stated a claim for conversion. *See Bugoni v. C&M Towing*, 10th Dist. No. 12AP-62, 2012-Ohio-4508, ¶ 9 (reversing dismissal of conversion claim under Civ.R. 12(B)(6) because the plaintiff's allegation that "defendants took his vehicle without his consent and [were] refusing to return it unless he pays them money" sufficiently stated a claim for conversion).

{¶ 24} The viability of the Ponds' replevin claim depended on their compliance with the statutory requirements for obtaining a prejudgment order of possession because "replevin has no common-law tradition in Ohio but has always been a statutory cause of action." *Am. Rents v. Crawley*, 77 Ohio App.3d 801, 803 (10th Dist.1991), citing *Dollar Savs. & Trust Co. v. Sydah*, 91 Ohio App. 289 (9th Dist.1951). R.C. 2737.03 states that "[a]ny party to an action involving a claim for the recovery of specific personal property, upon or at any time after commencement of the action, may apply to the court by written motion for an order of possession of the property." The motion must be accompanied by an affidavit attesting to seven different factors concerning the property. *See* 2737.03(A)-(G) (listing requirements of affidavit). The respondent has the right to request a hearing on the motion. R.C. 2737.04. Even without such a request, "the court shall cause the matter to be set for hearing within twenty days" after the movant files the motion for order of possession, unless the conditions for issuance of an order without a hearing under R.C. 2737.06(A) are met. R.C. 2737.07(A). A continuance of the hearing is allowed, "but in no event shall the continued hearing be set for a time that is more than five business days after the date on which the original hearing was scheduled unless the movant consents to the setting of a hearing at a later time." R.C. 2737.06(B). "The court shall issue an order of possession if it finds, on the basis of the affidavit and, if applicable, the evidence presented at the hearing, that there is probable cause to support the motion." R.C. 2737.07(B). " 'Probable cause to support the motion' means that it is likely that the movant will obtain judgment against the respondent that entitles the movant to permanent possession of the

specific personal property that is the subject" of the motion for order of possession of property. R.C. 2737.01(C). Bond may or may not be required for issuance of the order. R.C. 2737.10.

{¶ 25} The trial court dismissed the Ponds' replevin claim the day before the continued hearing, effectively overruling their motion for an order of possession of property and arresting the statutory process for obtaining the prejudgment remedy they sought. In its dismissal order, it acknowledged that "[r]eplevin is a statutory cause of action," yet applied no portion of the statute to the Ponds' claim. (Jan. 11, 2023 Decision & Entry at 5, quoting *Gates v. Praul*, 10th Dist. No. 10AP-784, 2011-Ohio-6230, ¶ 33.) Instead, the trial court stated that it was "impossible" for it "to order an immediate right of possession" because of the Ponds' failure "to identify and/or adequately allege their ownership" of the property they claimed to own. *Id.* at 6. But it would only have been impossible to order an immediate right of possession if the Ponds had failed to establish probable cause to support their motion at a hearing, or otherwise failed to comply with the statutory requirements of Chapter 2737. The trial court denied the Ponds this opportunity by dismissing the replevin claim under Civ.R. 12(B)(6).

{¶ 26} When doing so, the trial court held the Ponds' replevin claim to a pleading standard more exacting than the rule requires. The trial court stated that the replevin claim failed "for the same reason[s]" that it had dismissed the Ponds' conversion claim: their purported failure "to identify and adequately allege ownership of the motor vehicles and other personal property," which made it "impossible" for E and E Towing "to adequately respond" to the complaint or for the trial court to "determine" whether the Ponds were the actual owners of the property. (Jan. 11, 2023 Decision & Entry at 6.) The Ponds were not required to allege ownership beyond what was required to give E and E Towing fair notice of the nature of their claim, and the replevin claim's reference to the list of vehicles in Exhibit A sufficed for this purpose. (Sept. 15, 2022 Compl. at ¶ 46.) The majority of the vehicles listed were unique in nature, being historical vehicles, including fire trucks, that would have stood out during even a cause examination of the towing company's inventory. And, again, the Ponds were not required to definitively prove that they were the owners of the property in question to survive a Civ.R. 12(B)(6) motion. R.C. 2737.07(D) contemplates a "trial of the action" at which the Ponds would have to prove their replevin claim in order

to obtain a "final judgment" that "award[s] permanent possession of the property" and damages, as allowed by R.C. 2737.14. The complaint's allegations that E and E Towing had "removed" the property the Ponds claimed to own, most of which Exhibit A identified by make, model and year, the allegation of an approximate date and place of removal, and E and E Towing's alleged refusal to return the property were sufficient to put the company on notice of their replevin claim. *See Ellison v. Carter*, 4th Dist. No. 83 CA 6, 1985 Ohio App. LEXIS 5809, *5 (Feb. 26, 1985) (where appellant alleged that he owned "certain records, legal documents, and transcripts" that the appellee had wrongfully detained, and that the appellant "suffered damage as a result of the wrongful detention," appellant had sufficiently stated a claim for replevin). As with the conversion claim, the trial court erred by dismissing the replevin claim under Civ.R. 12(B)(6).

{¶ 27} For the foregoing reasons, the Ponds' first assignment is sustained, their remaining assignments of error are overruled as moot, and the judgment of the Franklin County Court of Common Pleas is reversed. In addition, E and E Towing's motion to strike the Ponds' reply brief is overruled. This cause is remanded for further proceedings in accordance with this decision.

*Judgment reversed*; *cause remanded*; *motion overruled.*

.

BEATTY BLUNT and LELAND, JJ., concur.

_____