[Cite as *Lyon Revocable Trust v. Berry*, 2025-Ohio-425.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

RENA LYON REVOCABLE TRUST,

      PLAINTIFF-APPELLANT,

  v.

TRENT BERRY, ET AL.

      DEFENDANTS-APPELLEES.

CASE NO. 8-24-07

**O P I N I O N**

Appeal from Logan County Common Pleas Court
General Division
Trial Court No. CV 22 12 0344

**Judgment Reversed and Cause Remanded**

**Date of Decision: February 10, 2025**

**APPEARANCES:**

    *Anthony C. Will* **for Appellant**

    *Kaylee R. Price* **for Appellees**

**ZIMMERMAN, J.**

**{¶1}** Plaintiff-appellant, the Rena Lyon Revocable Trust ("Lyon Trust"), appeals the judgment of the Logan County Court of Common Pleas dismissing its amended complaint against defendants-appellees, Trent Berry ("Trent") and Faith Berry ("Faith") (collectively, "defendants"). For the reasons that follow, we reverse.

**{¶2}** This case stems from the sale of property by Rena Lyon ("Lyon"), in her capacity as co-trustee of the Lyon Trust, to the defendants under a residential purchase agreement that was executed on October 28, 2022 for $450,000.00. Except for a John Deere tractor, the residential purchase agreement did not include the sale of any other personal property. The residential purchase agreement provides, in its relevant part, that

> **XII. TIME.** Time is of the essence. All understandings between the Parties are incorporated in this Agreement. The Parties intend its terms as a final, complete and exclusive expression of their Agreement with respect to its subject matter and they may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement.
>
> . . .
>
> **XV. ENTIRE AGREEMENT.** This agreement with any attached addendums or disclosures shall supersede any and all other prior understandings and agreements, either oral or in writing, between the Parties with respect to the subject matter hereof and shall constitute the sole and only agreements between the Parties with respect to the said Property. All prior negotiations and agreements between the

> Parties with respect to the Property hereof are merged into this Agreement. Each Party to this Agreement acknowledges that no representations, inducements, promises, or agreements, orally or otherwise, have been made by any Party or by anyone acting on behalf of any Party, which are not embodied in this Agreement and that any agreement, statement or promise that is not contained in this agreement shall not be valid or binding or of any force or effect.

(Emphasis in original.) (Doc. No. 51, Ex. A).

**{¶3}** Notwithstanding that agreement, the Lyon Trust alleged that, in conjunction with the negotiation for the sale of the residence, the parties also negotiated a separate agreement regarding Lyon's personal property. This agreement provided that the defendants would store Lyon's personal belongings at the residence until her new Kentucky residence was completed in exchange for a fee of (approximately) $80,000.00. Furthermore, under this separate agreement, the defendants were obligated to pack, load, transport, and unload Lyon's belongings to her new residence. However, only Lyon signed the separate agreement and subsequent to the real property transfer, the defendants initiated the disposal of Lyon's personal belongings.

**{¶4}** On December 29, 2022, the Lyon Trust filed a complaint against the defendants alleging claims for fraud, unjust enrichment, and conversion. That same day, the Lyon Trust filed a motion for a temporary restraining order and preliminary injunction to prevent the defendants from disposing of Lyon's personal belongings. The trial court granted the temporary restraining order on February 6, 2023.

{¶5} On February 13, 2023, the defendants filed their answer along with counterclaims for fraudulent misrepresentation, breach of contract, and unjust enrichment. That same day, the defendants filed a motion to set aside the temporary restraining order.

{¶6} Following a hearing on February 13, 2023, the trial court's magistrate vacated the temporary restraining order after the parties came to an agreement regarding the removal of Lyon's personal belongings. After a hearing on March 13, 2023, the trial court's magistrate ordered Lyons to remove the undisputed personal belongings by May 15, 2023, which she did. Thereafter, the trial court's magistrate ordered the parties to submit an itemized statement reflecting the disputed property.

{¶7} On October 19, 2023, the Lyon Trust filed an answer to the defendants' counterclaims along with an amended complaint, alleging claims for fraud, unjust enrichment, conversion, and breach of contract.

{¶8} On October 15, 2023, the defendants filed a motion to dismiss the Lyon Trust's amended complaint under Civ.R. 12(B)(6), arguing that the residential purchase agreement constituted the parties' complete agreement. The defendants appended the residential purchase agreement, the separate personal property agreement, and a comparable market analysis to their motion to dismiss. On November 8, 2023, the Lyon Trust filed a memorandum in opposition to the defendants' motion to dismiss its amended complaint, arguing that the parties had fully performed their obligations under the residential purchase agreement and that

the agreement regarding Lyon's personal belongings was a separate and distinct contract. On November 14, 2023, the defendants filed their reply to the Lyon Trust's memorandum in opposition to their motion to dismiss the amended complaint.

{¶9} On December 29, 2023, the trial court granted the defendants' motion to dismiss the amended complaint under Civ.R. 12(B)(6). (Doc. No. 54). Although the defendants' counterclaims remain pending, the trial court certified that there is no just reason for delay under Civ.R. 54(B) on January 23, 2024.

{¶10} On February 21, 2024, the Lyon Trust filed a notice of appeal. Subsequently, on March 25, 2024, the defendants filed a motion to dismiss the Lyon Trust's appeal in this court, arguing that the appeal had been rendered moot by a February 9, 2024 settlement agreement. In their motion, the defendants alternatively requested that this court stay the Lyon Trust's appeal and remand the case to the trial court for a determination regarding the settlement agreement's enforceability. On April 18, 2024, this court denied the defendants' motion to dismiss the Lyon Trust's appeal but granted their alternative request to stay the appeal and remand the case to the trial court for a determination of the settlement agreement's enforceability. Following a hearing on August 16, 2024, the trial court on August 30, 2024 denied the defendants' motion to enforce the settlement agreement, finding that the parties' agreement extended only to the dismissal of the defendants' claims against the Lyon Trust in exchange for $35,000.00, and did not

include a waiver of the Lyon Trust's right to appeal the trial court's December 29, 2023 entry.

**{¶11}** The Lyon Trust raises five assignments of error for our review. Though they did not file a cross-appeal, the defendants raise a defensive cross-assignment of error. We will begin by addressing the Lyon Trust's assignments of error together, followed by the defendants' cross-assignment of error.

### Lyon Trust's First Assignment of Error

**The Trial Court [erred] as a matter of law by applying the Parole Evidence Rule to bar admission of any evidence in support of the parties' separate storage/moving agreement, resulting in the dismissal of Counts Two and Four of the Plaintiff's Amended Complaint (unjust enrichment and breach of contract, respectively) for failure to state a claim upon which relief may be granted.**

### Lyon Trust's Second Assignment of Error

**The Trial Court [erred] as a matter of law in applying the Parole Evidence Rule to a claim based in equity, to wit: unjust enrichment.**

### Lyon Trust's Third Assignment of Error

**The trial Court [erred] as a matter of law in applying the Parole Evidence Rule to bar admission of any evidence in support of the Plaintiff's fraud claim, resulting in the dismissal of Count 1 of the Plaintiff's Amended Complaint (fraud) for failure to state a claim upon which relief may be granted.**

### Lyon Trust's Fourth Assignment of Error

**The trial Court [erred] as a matter of law in dismissing Count 3 of the Plaintiff's Amended Complaint (conversion).**

**Lyon Trust's Fifth Assignment of Error**

**The trial Court [erred] as a matter of law by failing to convert the Defendants' Motion to Dismiss to a Motion for Summary Judgment and by failing to follow the notice and evidence procedures required by Civ.R. 56, *et. seq*.**

{¶12} The Lyon Trust's assignments of error challenge the trial court's decision granting the defendants' Civ.R. 12(B)(6) motion to dismiss. First, in its fourth and fifth assignments of error, the Lyon Trust argues that the trial court improperly considered evidence outside the four corners of the amended complaint. Next, in its first, second, and third assignments of error, the Lyon Trust contends that the trial court erred by applying the parol evidence rule based on its consideration of the residential purchase agreement, thereby improperly barring the Lyon Trust's claims for unjust enrichment, breach of contract, and fraud.

*Standard of Review*

{¶13} "We review de novo a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Bd. of Health of Defiance Cty. v. McCalla*, 2012-Ohio-4107, ¶ 33 (3d Dist.). "Under de novo analysis, we are required to 'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party.'" *McBroom v. Safford*, 2012-Ohio-1919, ¶ 9 (10th Dist.), quoting *Grey v. Walgreen Co.*, 2011-Ohio-6167, ¶ 3 (8th Dist.).

*Analysis*

**{¶14}** "Before responding to a complaint by answering, Civ.R. 12(B)(6) allows a party to file a motion to dismiss asserting that the complaint fails to state a claim upon which relief may be granted." *Pond v. E & E Towing & Recovery, LLC*, 2024-Ohio-800, ¶ 16 (10th Dist.). "A motion to dismiss under Civ.R. 12(B)(6) 'is a procedural mechanism that tests the sufficiency of the allegations in the complaint.'" *Id.*, quoting *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 2006-Ohio-1713, ¶ 8. "In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.'" *McBroom* at ¶ 7, quoting *Grey* at ¶ 3. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991).

**{¶15}** "'When reviewing a Civ.R. 12(B)(6) motion, courts are confined to the allegations contained in the complaint.'" *Betscher v. Governing Bd. of Putnam Cty. Educational Serv. Ctr.*, 2015-Ohio-4727, ¶ 9 (3d Dist.), quoting *Cooper v. Highland Cty. Bd. Of Commrs.*, 2002-Ohio-2353, ¶ 9 (4th Dist.). "If a motion to dismiss refers to, or depends on matters outside the pleadings, the motion to dismiss must be converted to a motion for summary judgment under Civ.R. 56(C)." *Id.* at ¶ 10, quoting *Cooper* at ¶ 9. "'If the court converts the motion to dismiss to a motion

for summary judgment, the parties must be given notice and a reasonable opportunity to present all of the available evidence that Civ.R. 56(C) permits.'" *Id.*, quoting *Cooper* at ¶ 9. *See also Brust v. Franklin Cty. Sheriff's Office*, 2015-Ohio-5090, ¶ 7 (10th Dist.) ("'However, a trial court may not, on its own motion, convert a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment and thus dispose of it without giving notice to the parties of its intent to do so and fully complying with Civ.R. 12(B) and Civ.R. 56 in its considerations.'"), quoting *Powell v. Vorys, Sater, Seymour & Pease*, 131 Ohio App.3d 681, 684-685 (10th Dist. 1998). "'Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error.'" *Brust* at ¶ 7, quoting *Powell* at 685.

{¶16} In this case, the trial court granted the defendants' motion to dismiss the amended complaint under Civ.R. 12(B)(6), determining that the Lyon Trust could prove no set of facts that would entitle it to relief. Specifically, the trial court determined that the Lyon Trust's claims for unjust enrichment, breach of contract, and fraud were barred by the parol evidence rule based on the terms of the residential purchase agreement. Moreover, the trial court dismissed the Lyon Trust's conversion claim, finding that, under the March 14, 2023 magistrate's order, Lyon had been granted permission to remove her personal belongings from the residence by May 15, 2023. Particularly, the trial court determined that the Lyon Trust could not maintain its conversion claim since the magistrate's order declared that any

items not removed (or contracted for removal) by that date could be treated as abandoned property by the defendants.

{¶17} To begin with, the Lyon Trust contends that the trial court erred by granting the defendants' Civ.R. 12(B)(6) motion to dismiss because it "categorically went outside the face of the Amended Complaint in making its ruling on the Defendants' Motion to Dismiss." (Appellant's Brief at 25). The Lyon Trust asserts that, if the trial court converted the motion to dismiss into a motion for summary judgment, it erred by failing to provide notice to the parties of its intent to treat the motion as a motion for summary judgment. The defendants dispute the Lyon Trust's position, arguing that the trial court properly considered the residential purchase agreement, the personal property agreement, and the comparable market analysis because those documents were incorporated by reference in the Lyon Trust's amended complaint.[1]

{¶18} The defendants' reliance on those documents to support their motion to dismiss is misplaced. While courts may consider documents that are attached or incorporated into the complaint, the Supreme Court of Ohio has expressly rejected expanding the evidence which may be considered for purposes of determining a Civ.R. 12(B)(6) motion to dismiss. *See State ex rel. Ames v. Baker, Dublikar, Beck,*

---

[1] Because Ohio is a notice pleading state, a complaint need only "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A). Thus, even though it did not append any contract to the compliant, the Lyon Trust's allegations in the complaint adequately state a cause of action. *See Ri'Chard v. Bank of Am.*, 2020-Ohio-4688, ¶ 12 (1st Dist.) ("Accordingly, viewing the allegations in the complaint in a light most favorable to Ri'Chard and drawing reasonable inferences, we find that her pleadings, while inartful, were adequate as to her cause of action.").

*Wiley & Mathews*, 2023-Ohio-2668, ¶ 16 (asserting that the Ohio Supreme Court "has not adopted the broader standard" used by federal courts "for deciding a Civ.R. 12(B)(6) motion"). In this case, the residential purchase agreement, the personal property agreement, and the comparable market analysis, while potentially relevant to the dispute, were not attached or incorporated into the amended complaint. Therefore, absent converting the motion to dismiss into a motion for summary judgment, the trial court was precluded from considering those evidentiary materials in its Civ.R. 12(B)(6) analysis. *Accord Pond*, 2024-Ohio-800, at ¶ 20 (10th Dist.).

**{¶19}** Based on our review of the trial court's analysis, it is evident that the trial court explicitly considered the residential purchase agreement to reach its conclusion that such agreement precluded the Lyon's Trust's claims for unjust enrichment, breach of contract, and fraud. *Compare Timberlake Apts. LLC v. Underwriters at Lloyds London*, 2022-Ohio-29, ¶ 19 (2d Dist.) (determining that "in finding that coverage issues remained unresolved, the trial court certainly considered and credited [the defendant's] evidentiary materials" without converting the motion to a motion for summary judgment and providing the plaintiff an opportunity to respond). By considering evidentiary materials outside of the complaint, the trial court effectively converted the defendants' motion to dismiss into a motion for summary judgment. Importantly, the record is clear that the trial court failed to notify the parties of its intention to convert the motion to dismiss into a motion for summary judgment.

**{¶20}** Typically, a failure to provide such notice to the parties constitutes reversible error. However, the defendants dispute the claim of a lack of notice, arguing that any lack of formal notice should be considered harmless error due to the Lyon Trust's sufficient opportunity to respond. Indeed, a trial court's failure to provide the required notice that it is converting a motion to dismiss into a motion for summary judgment can be harmless error if the nonmoving party had a sufficient opportunity to respond. *Sullinger v. Sullinger*, 2020-Ohio-5225, ¶ 15 (3d Dist.). In such situation, "[w]here it is clear from the record that both parties submitted additional evidence and the nonmoving party had sufficient opportunity to respond, the trial court's failure to give notice may be harmless error." *Williams v. MJS Enterprises, Ltd.*, 2022-Ohio-3695, ¶ 30 (4th Dist.).

**{¶21}** Our review of the record reveals that the error was not harmless in this case. *Accord id.* at ¶ 31. While the Lyon Trust filed a memorandum in opposition to the defendants' motion to dismiss, such pleading (in this case) did not constitute a meaningful opportunity to respond to summary judgment as contemplated by Civ.R. 56(C). *See Gardner v. Paxton*, 2018-Ohio-52, ¶ 13 (4th Dist.). Moreover, the record lacks any evidence indicating that the trial court conducted a hearing or notified the Lyon Trust of its ability to submit materials beyond the complaint as provided by Civ.R. 56, which the Lyon Trust did not do. *See Williams* at ¶ 31 (concluding that the trial court's failure to notify the parties that it was converting the motion to dismiss to a motion for summary judgment was not harmless error

because "[t]he trial court did not hold an evidentiary hearing" and Williams was not notified that he could submit Civ.R. 56(C) material beyond the face of the complaint, [and] he did not do so").

{¶22} For these reasons, the trial court erred by considering additional evidence beyond the evidence contained in the amended complaint. It should have either excluded the evidence or converted the motion to dismiss to a motion for summary judgment in accordance with Civ.R. 12(B). *Accord id.* at ¶ 32. Therefore, we conclude that the trial court erred by dismissing the Lyon Trust's claims for unjust enrichment, breach of contract, and fraud. Consequently, the Lyon Trust's claims for unjust enrichment, breach of contract, and fraud will remain pending on remand along with the defendants' Civ.R. 12(B)(6) motion and supporting evidentiary materials. If the trial court elects to consider those materials and convert the motion to a motion for summary judgment, the Lyon Trust will have an opportunity to present its own evidence and address whether the residential purchase agreement constitutes the parties' complete agreement.

{¶23} Having determined that the trial court erred by dismissing the Lyon Trust's claims for unjust enrichment, breach of contract, and fraud, we must now consider whether the trial court erred by dismissing the Lyon Trust's conversion claim. "Conversion is the '"wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights."'" *Warnecke v. Chaney*, 2011-Ohio-3007, ¶ 15

(3d Dist.), quoting *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 592 (2001), quoting *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990). "'The elements of conversion are: (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages.'" *Id.*, quoting *Miller v. Cass*, 2010-Ohio-1930, ¶ 32 (3d Dist.).

**{¶24}** The trial court, relying on the March 14, 2023 magistrate's order, determined that the Lyon Trust's conversion claim was ripe for dismissal under Civ.R. 12(B)(6) because Lyon was permitted to remove her personal belongings by May 15, 2023, and any property not timely removed by that date could be disposed of as being abandoned property. While we have discussed that a court generally may "not rely on documents outside the four corners of the complaint when deciding a motion to dismiss under Civ.R. 12(B)(6)," there are limited exceptions to the rule. *State ex rel. Castellon v. Gallagher*, 2023-Ohio-2964, ¶ 6 (8th Dist.). As relevant here, "a court may consider evidence and events that causes a case to become moot—even extrinsic evidence outside of the record" or take "judicial notice of the pleadings and orders . . . when these are not subject to reasonable dispute, at least insofar as they affect the present original action." *Id.*; *State ex rel. Smith v. Mackey*, 2024-Ohio-4643, ¶ 28 (10th Dist.).

**{¶25}** Here, the Lyon Trust does not dispute that Lyon removed her personal belongings by May 15, 2023, but instead argues that the trial court overlooked the

portion of the magistrate's order requiring that any disputed personal property marked with a red dot sticker not be removed from the residence and that a hearing be scheduled to resolve the dispute. Thus, since items remain in dispute, the Lyon Trust contends that the trial court erred by dismissing its conversion claim. The defendants counter that the Lyon Trust failed to specify the particular personal property items allegedly being wrongfully withheld by the defendants, as the magistrate's order does not determine ownership of the "red dot" items but simply maintains the status quo.

**{¶26}** Even though the trial court could rely on the magistrate's order to determine whether the Lyon Trust's conversion claim was ripe for dismissal under Civ.R. 12(B)(6), the magistrate's order did not render the claim moot or otherwise resolve the claim. Notably, the magistrate's order deferred the resolution of the disputed items, identified by a red dot sticker, pending a future determination of ownership. Indeed, contrary to the defendants' argument on appeal, the Lyon Trust was not required to establish actual ownership of any personal property it claimed to own for its conversion claim to survive dismissal under Civ.R. 12(B)(6). *Accord Pond*, 2024-Ohio-800, at ¶ 21 (10th Dist.) ("Because 'a plaintiff is not required to prove his or her case at the pleading stage,' the Ponds were not required to establish actual ownership of any vehicle they claimed to own for their claims to survive dismissal under Civ.R. 12(B)(6)."), quoting *York,* 60 Ohio St.3d at 144-145.

{¶27} Consequently, based on the question of legal ownership of the disputed items, dismissal of the Lyon Trust's conversion claim under Civ.R. 12(B)(6) was premature. *Compare id.* at ¶ 23 (concluding that the trial court erred by dismissing the Ponds' conversion claim under Civ.R. 12(B)(6) because "the Ponds adequately stated a claim for conversion"), citing *Bugoni v. C&M Towing*, 2012-Ohio-4508, ¶ 9 (10th Dist.) (reversing dismissal of the conversion claim under Civ.R. 12(B)(6) because the plaintiff's allegation that "defendants took his vehicle without his consent and [were] refusing to return it unless he pays them money" sufficiently stated a claim for conversion). Therefore, we conclude that the trial court erred by dismissing the Lyon Trust's conversion claim.

{¶28} For these reasons, the Lyon Trust's fourth and fifth assignments of error are sustained.[2]

### The Defendants' Assignment of Error

### Additional Assignment of Error in Support of Affirmants [sic] Pursuant to O.R.C. Section 2505.22

{¶29} The defendants raise a defensive cross-assignment of error under R.C. 2505.22. "'An appellee who has not filed a notice of appeal (cross-appeal) can file cross-assignments of error under R.C. 2505.22.'" *Byers v. Robinson*, 2008-Ohio-

---

[2] Based on our decision to sustain the Lyon Trust's fifth assignment error on procedural grounds, we decline to address the substantive merits of the Lyon Trust's first, second, and third assignments of error. *Accord Williams v. MJS Enterprises, Ltd.*, 2022-Ohio-3695, ¶ 33 (4th Dist.) (declining "to address the substantive merits of Williams's second assignment of error because [the court] sustain[ed] it on other procedural grounds").

4833, ¶ 49 (10th Dist.), quoting *Chapman v. Ohio State Dental Bd.*, 33 Ohio App.3d 324, 327 (9th Dist. 1986), and citing R.C. 2505.22 and App.R. 3(C)(2). "Such assignments of error, however, 'are only for the limited purpose of preventing the reversal of the judgment under review.'" *Id.*, quoting *Chapman* at 327-328. "Accordingly, while defendants may not use their cross-assignment of error as a sword, they may use it as a shield in defense of the trial court's judgment." *Id.* at ¶ 50. Based on our disposition of the Lyon Trust's fourth and fifth assignments of error, resulting in a reversal of the trial court's decision, we must consider the defendants' properly asserted defensive cross-assignment of error. R.C. 2505.22; *Brenneman Bros. v. Allen Cty. Commrs.*, 2013-Ohio-4635, ¶ 38 (3d Dist.).

{¶30} In their cross assignment of error, the defendants argue that the Lyon Trust's appeal has been rendered moot by a February 9, 2024 settlement agreement between the parties. Specifically, the defendants contend that the trial court erred by denying their motion to enforce the settlement, maintaining that the agreement's silence regarding the Lyon Trust's right to appeal does not invalidate its enforceability.

*Standard of Review*

{¶31} "The standard of review to be applied to a ruling on a motion to enforce a settlement agreement depends primarily on the question presented." *Kaple v. Benchmark Materials*, 2004-Ohio-2620, ¶ 4 (3d Dist.). "Generally, if a motion to enforce a settlement agreement surrounds an agreement of undisputed

terms, the issue is one of contract law; thus the standard of review is whether the trial court erred as a matter of law." *Moore v. Johnson Industries Corp.*, 1997 WL 771015, *12 (10th Dist. Dec. 11, 1997). *See also Kaple* at ¶ 4 ("If the dispute is a question of law, an appellate court must review the decision de novo to determine whether the trial court's decision to enforce the settlement agreement is based upon an erroneous standard or a misconstruction of the law."). "De novo review requires us to conduct an independent review of the record without deference to the trial court's decision." *Matrix Technologies, Inc. v. Kuss Corp.*, 2008-Ohio-1301, ¶ 11 (6th Dist.).

*Analysis*

**{¶32}** "A settlement agreement is viewed as a particularized form of a contract." *Brotherwood v. Gonzalez*, 2007-Ohio-3340, ¶ 11 (3d Dist.). "It is a contract designed to terminate a claim by preventing or ending litigation, and such agreements are valid and enforceable by either party." *Id.* "Therefore, the interpretation of a settlement agreement is governed by the law of contracts." *Id.*

**{¶33}** In the present case, the validity of the settlement agreement is not in dispute. Rather, the parties' disagreement centers on the interpretation of the agreement's terms and whether those terms preclude the Lyon Trust from pursuing an appeal of the trial court's order dismissing its claims. Consequently, since the issue before us concerns contract interpretation, our role is to give effect to the intent

of the contracting parties. *Reinhart v. Fostoria Plumbing, Heating & Elec. Supply, Inc.*, 2010-Ohio-4825, ¶ 16 (3d Dist.).

**{¶34}** "'Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement.'" *Graham v. Boerger*, 2015-Ohio-3261, ¶ 13 (2d Dist.), quoting *First Capital Corp. v. G & J Industries, Inc.*, 131 Ohio App.3d 106, 115 (8th Dist. 1999). "'When the terms in a contract are unambiguous, courts cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties.'" *Id.* at ¶ 13, quoting *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246 (1978). "'[I]f no ambiguity exists, the terms of the contract must simply be applied without resorting to methods of construction and interpretation.'" *Id.*, quoting *Buckeye Check Cashing, Inc. v. Madison*, 2008-Ohio-5124, ¶ 12 (8th Dist.). Therefore, "'[i]f a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined.'" *Barhorst, Inc. v. Hanson Pipe & Prods. Ohio, Inc.*, 2006 Ohio-6858, ¶ 10 (3d Dist.), quoting *Inland Refuse Transfer Co. v. Browning Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322 (1984).

**{¶35}** Here, the settlement agreement is clear and unambiguous. That is, the settlement agreement was intended to finalize *only* the defendants' claims. Indeed, the settlement agreement provides, in its relevant part, as follows:

> The parties have each filed claims within a civil action [and have] denied the claims asserted by the other.

**NOW THEREFORE**, with the intent to be legally bound, and in consideration of the terms and conditions set forth below, the Parties wish to fully and finally resolve all issues pertaining to this matter, and therefore agree as follows:

1. Ms. Lyon agrees to pay to the [defendants] the sum of $35,000.00.

 . . .

2. In exchange for the promise to pay described above . . . the [defendants] shall cause a dismissal with prejudice to be filed in the Action, dismissing all claims against Ms. Lyon.

. . .

**3. Release Clause**

The [defendants], for and in consideration of this settlement and other good and valuable consideration . . . do . . . fully and forever release, settle, cancel, acquit and discharge Ms. Lyon . . . from any and all manner of claims, demands, causes of action, liabilities, damages, actions, asserted or unasserted, in law or in equity, which the [defendants] had, now have, or may have against Ms. Lyon, known or unknown, including but not limited to all claims which were raised or could have been raised in connection with the Action.

(Emphasis in original.)  (Ex. A).

{¶36} While the settlement agreement contains general language stating the parties' intent "to fully and finally resolve all issues pertaining to this matter," the agreement's subsequent, express terms confine its scope only to the defendants' claims. (*Id.*).  The absence of any language specifically addressing the Lyon Trust's claims demonstrates that the parties did *not* intend to resolve those claims through the agreement.  To construe the agreement as encompassing the Lyon Trust's claims would require the trial court to improperly rewrite the agreement by adding terms

not agreed upon by the parties. *See Graham* at ¶ 15. This interpretation is further bolstered by correspondence between the parties, wherein the defendants acknowledged their intention to settle only their claims following the trial court's dismissal of the Lyon Trust's claims. Accordingly, we conclude that the trial court properly denied the defendants' motion to enforce the settlement agreement.

{¶37} The defendants' cross-assignment of error is therefore overruled.

{¶38} Having found error prejudicial to the appellant herein in the particulars assigned and argued in assignments of error four and five, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed*
*and Cause Remanded*

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

**/hls**